PER CURIAM.
The order under review is reversed upon a holding that the trial court did not acquire jurisdiction over the defendant Angel Benitez as the substituted service of process attempted herein under Section 48.161 and 48.171, Florida Statutes (1979), was legally ineffective for two reasons [either one of which was sufficient to defeat the substituted service of process] to wit: (a) the plaintiff Insurance Company of North America’s complaint failed, as required by law, to allege that the above defendant was either a non-resident of Florida or was concealing his whereabouts, and (b) there was an insufficient evidentiary showing on this record that the above defendant was, as required by law, either a non-resident of Florida or was concealing his whereabouts. Bird v. International Graphics, Inc., 362 So.2d 316 (Fla. 3d DCA 1978); Leviten v. Gaunt, 360 So.2d 112 (Fla. 3d DCA 1978); Bistricer v. Ehrenreich, 346 So.2d 624 (Fla. 3d DCA 1977); Chase Manhattan Bank, N. A. v. Banco Del Atlantico, 343 So.2d 936, 937 (Fla. 3d DCA 1977); Elmex Corp. v. Atlantic Federal Savings and Loan Ass’n., 325 So.2d 58, 61-62 (Fla. 4th DCA 1976). Upon this reversal, the cause is remanded to the trial court with directions to dismiss the plaintiff’s complaint as to the defendant Angel Benitez.
Reversed and remanded.