483 So.2d 509 (1986)
Russell Jay FERGUSON, Appellant,
v.
James Walter McWILLIAMS, Jr., et al., Appellees.
No. 84-1565.
District Court of Appeal of Florida, Fourth District.
February 19, 1986.
William R. Lemos of Lanza, Sevier & O'Connor, P.A., Coral Gables, for appellant.
Diana Santa Maria of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellees.
PER CURIAM.
Defendant brings this non-final appeal to challenge an order denying his motion to quash service of process. We reverse.
Plaintiff sued defendant for injuries sustained in an automobile accident. Attempts at personal service proved unsuccessful. Thus, plaintiff sought to utilize sections 48.161 and 48.171, Florida Statutes (1985), which, in specified instances, authorize substituted service on the Secretary of State. Next, defendant moved to quash service of process on the ground that the complaint failed to contain any allegations to justify the use of substituted service of process. The motion was denied and this appeal ensued.
It is well-settled that "[t]o support substituted service of process on a defendant, the complaint must allege the jurisdictional requirements prescribed by statute. If it fails to do so, then a motion to quash process and service of process should be granted." Drake v. Scharlau, 353 So.2d 961, 964 (Fla. 2d DCA 1978); see also Benitez v. Insurance Co. of North America, 385 So.2d 128 (Fla. 3d DCA 1980); Turcotte v. Graves, 374 So.2d 641 (Fla. 4th DCA 1979); Bistricer v. Ehrenreich, 346 So.2d 624 (Fla. 3d DCA 1977); Henschel-Steinau Co. v. Harry Schorr, Inc., 302 So.2d 198 (Fla. 4th DCA 1974).
Since the plaintiff's complaint in the case at bar is devoid of any jurisdictional allegations which would justify substituted service of process, the order on appeal is reversed and the cause is remanded with instructions to grant the defendant's motion.
REVERSED and REMANDED.
GLICKSTEIN and WALDEN, JJ., and HURLEY, DANIEL T.K., Associate Judge, concur.