483 So.2d 509 (1986)
Reg B. MEILIUNAS, Appellant,
v.
Juanita O'LEARY, Appellee.
No. 85-568.
District Court of Appeal of Florida, Fourth District.
February 19, 1986.
*510 Martyn W.D. Verster, Coral Gables, for appellant.
Bart T. Heffernan of Sherman & Rayson, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Appellant seeks review of an order denying his motion to quash service of process and to vacate a final judgment after default.
Appellee instituted this suit by filing a complaint styled "COMPLAINT TO FORECLOSE A PROMISSORY NOTE." In fact it is simply a complaint to recover judgment on a promissory note. Appellee sought to serve appellant by constructive service of process pursuant to the provisions of Chapter 49, Florida Statutes. As required by section 49.041, Florida Statutes (1985), appellant's attorney filed an affidavit in which he stated that he had made diligent search and inquiry to discover the name and residence of the defendant. Although the parties devote almost their entire briefs to the validity of the affidavit, we note a more fundamental error which affects the trial court's jurisdiction over appellant.
As pointed out above, this is a simple suit on a promissory note. The complaint alleges that the execution of the note was in Broward County, Florida, that appellant failed to pay the note upon demand, and that the appellant is indebted to appellee for the principal balance plus interest and attorney's fees. Service of process by publication is expressly provided for in section 49.011, Florida Statutes (1985), and the types of cases in which such process can be utilized are listed. Suit on a promissory note did not make the list. Accordingly, we hold that on the complaint filed herein service by publication pursuant to Chapter 49 was not available and that no jurisdiction over appellant was ever obtained.
Furthermore, the affidavit filed by appellant was insufficient to meet the requirements of section 49.041 because in places where appellant's residence should be provided the term "address" is used. In addition, the affidavit never states whether the appellant's residence is known or unknown and, if known, where the residence is located. Since the process utilized is invalid, no jurisdiction was conferred upon the trial court and the judgment entered by default was void and the motion to set aside said judgment and quash service of process should have been granted.
Accordingly, the order of February 11, 1985, denying the motion to vacate final judgment and quash service of process is reversed.
HERSEY, C.J., and LEVY, DAVID L., Associate Judge, concur.