PER CURIAM.
We reverse the lower court’s denial of appellants' motion to set aside a final judgment of foreclosure and order confirming a sale and lis pendens because the record supports that the constructive service of process attempted on the appellants was defective. According to the affidavit submitted by Glendale, pursuant to section 49.041 Fla.Stat. (1987), on diligent search and inquiry, Glendale determined that all appellants resided at the same New York address. Contrary to the statements m this affidavit, the affiant testified that she had made no effort to determine whether any of the appellants resided at the stated address and, in fact, she did not know where they resided. She simply referred to an address in the Glendale file and made no attempt to verify a residential address for the defendants. . Glendale’s minimal effort toward discovery of a residential address for the appellants does not meet the diligent search and inquiry requisites of section 49.041 Fla.Stat. (1987). The law requires strict compliance with the statutory provisions governing constructive service of process and places the burden of proof of compliance on the plaintiff. McAlice v. Kirsch, 368 So.2d 401 (Fla. 3rd DCA 1979). The testimony of Glendale’s affiant establishes that service was defective and we therefore reverse. Meiliunas v. O’Leary, 483 So.2d 509 (Fla. 4th DCA 1986); Robinson v. Cornelius, 377 So.2d 776 (Fla. 4th DCA 1979); Callaghan v. Callaghan, 337 So.2d 986 (Fla. 4th DCA 1976); Permenter v. Feurtado, 541 So.2d 1331 (Fla. 3rd DCA 1989).
REVERSE and REMAND.
DOWNEY and WALDEN, JJ„ and McNULTY, JOSEPH P., (Retired), Associate Judge, concur.