**Danita Dawn JUDSON, Plaintiff,**

v.

**NISSAN MOTOR CO., et al., Defendants.**

**Civil Action No. 99–D–24–S.**

United States District Court, M.D. Alabama, Southern Division.

May 25, 1999.

---

**1354**

Jere L. Beasley, Greg Allen, Graham Esdale, Jr., Montgomery, AL, for plaintiff.

Craig P. Niedenthal, Birmingham, AL, Allison O. Skinner, Craig Niedenthal, Birmingham, AL, Joe Cassady, Enterprise, AL, Lee E. Bains, Jr., Jeffrey Grantham, Tony Miller, Birmingham, AL, for respondent.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiff's Motion To Remand ("Remand Mot."), filed on February 1, 1999. Contained within Plaintiff's Motion To Remand is a request for costs and attorney's fees incurred as a result of improper removal, pursuant to 28 U.S.C. § 1447(c), which the court construes as a Motion For Attorney's Fees. On February 17, 1999, Defendant Evenflo Company, Inc. ("Evenflo") filed an Opposition To Remand, which the court construes as a Response ("Response").[1] On February 24, 1999, Plaintiff filed her Response To Defendants' Opposition To Plaintiff's Motion To Remand, which the court construes as a Reply ("Reply"). After a thorough review of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Plaintiff's Motion To Remand is due to be granted and that Plaintiff's Motion For Attorney's Fees is due to be denied.

## FACTUAL BACKGROUND

On April 17, 1998, Plaintiff was driving a 1995 Nissan Pathfinder with her son, Derrick Austin Judson ("Derrick"), seated in an Evenflo carseat. (Compl. ¶¶ 10–11.) Plaintiff lost control of the vehicle, which subsequently overturned. (Id. ¶ 12.) Derrick was ejected from the vehicle and died as a result of the accident. (Id. ¶ 14.) Plaintiff suffered personal injuries and mental anguish. (Id.)

On or about December 7, 1998, Plaintiff, individually and as the Custodial Parent of Derrick, a minor who is now deceased, filed an eight-count Complaint against Defendants Nissan Motor Co., Ltd. ("Nissan Japan"), Nissan Motor Corporation in USA ("Nissan NA"),[2] Mitchell Nissan, Inc. ("Mitchell Nissan"), and Evenflo in the Circuit Court of Dale County, Alabama. In her Complaint, Plaintiff asserts the following claims and demands judgment against the following Defendants: (1) violation of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), demanding judgment against Defendants Nissan Japan and Nissan NA (Counts One and Two);[3] (2) negligence, demanding judgment against Defendants Nissan Japan and Nissan NA (Count Three); (3) wantonness, demanding judgment against Defendants Nissan Japan and Nissan NA (Count Four); (4) violation of the AEMLD, demanding judgment against Defendant Evenflo (Count Five); (5) negligence, demanding judgment against Defendant Evenflo (Count Six); (6) wantonness, demanding judgment against Defendant Evenflo (Count Seven);

---

1. The court notes that Defendant Evenflo initially filed its Response "on behalf of itself and Defendants Nissan North America, Inc. and Mitchell Nissan, Inc." (Resp. at 1.) On February 23, 1999, however, Defendant Evenflo filed an Amendment To Opposition To Remand ("Am.Resp."), wherein Defendant Evenflo clarified that its Response was "submitted on behalf of only the defendant Evenflo." (Am.Resp. at 1.)

2. Nissan Motor Corporation in USA is now known as Nissan North America, Inc. (Removal Not. ¶ 10.)

3. In Count Two, Plaintiff appears to be asserting a claim under the AEMLD against Defendant Mitchell Nissan (Compl. ¶¶ 27 and 28), yet only demands judgment against Defendants Nissan Japan and Nissan NA. As discussed in detail later in this Opinion, the court finds that Plaintiff states a claim under the AEMLD against Defendant Mitchell Nissan.

and (7) negligence, wantonness, or other wrongful conduct, demanding judgment against Defendants Nissan Japan, Nissan NA, Mitchell Nissan, and Evenflo (Count Eight).

On January 8, 1999, Defendant Evenflo timely filed a Notice Of Removal ("Removal Not.") pursuant to 28 U.S.C. §§ 1441 and 1446, thereby removing the case to this court. Also on January 8, 1999, Defendant Nissan NA filed a Notice Of Joinder In And Consent To Removal, as did Defendant Mitchell Nissan.[4] In support of removal, Defendant Evenflo asserts that this court exercises subject matter jurisdiction over this case through diversity of citizenship and requisite amount in controversy, pursuant to 28 U.S.C. § 1332.[5] (Removal Not. ¶ 7.)

The following citizenship designations are undisputed by the Parties to this action: (1) Plaintiff is a resident of Dothan, Alabama (Compl. ¶ 1; Removal Not. ¶ 8); (2) Defendant Nissan Japan is a Japanese corporation with its principal place of business in Tokyo, Japan (Compl. ¶ 2; Removal Not. ¶ 11); (3) Defendant Nissan NA is a California corporation with its principal place of business in California (Compl. ¶ 3; Removal Not. ¶ 10); (4) Defendant Mitchell Nissan is an Alabama corporation with its principal place of business in Alabama (Compl. ¶ 4. Removal Not. ¶ 12); and (5) Defendant Evenflo is an Ohio corporation with its principal place of business in Ohio (Compl. ¶ 5; Removal Not. ¶ 9).

Defendant Evenflo contends, however, that Defendant Mitchell Nissan "has been fraudulently joined, and its citizenship must be disregarded [by the court] for the purposes of determining jurisdiction." (Removal Not. ¶ 12.) Defendant Evenflo argues that "based on the allegations in the Complaint, it is clear that the plaintiff cannot establish any cause of action

against the non-diverse defendant, Mitchell Nissan." (*Id.* ¶ 14.) Defendant Evenflo argues that, but for the fraudulent joinder of Defendant Mitchell Nissan, an Alabama citizen, complete diversity would exist between Plaintiff, an Alabama citizen, and the remaining three Defendants, citizens of either Japan, California, and/or Ohio. (*Id.* ¶ 6.)

In her Motion To Remand, Plaintiff contends that this court does not have subject matter jurisdiction because, "[c]ontrary to the allegations of Defendant Evenflo Company, Inc., Plaintiff clearly states a cause of action for negligence, wantonness and a claim under the AEMLD against Defendant, Mitchell Nissan, Inc. in her Complaint." (Remand Mot. at 1–2.) Further, Plaintiff argues that "Defendants have not and can not [sic] establish fraudulent joinder in this case." (Reply at 3.)

## DISCUSSION

### I. Plaintiff's Motion To Remand

■ Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). A federal district court may assert jurisdiction in a case involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,-000.00. *See* 28 U.S.C. § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity—every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1359 (11th Cir.1996). Therefore, where the parties are diverse and the amount in controversy is sufficient, a defendant has the statutory right to remove an action from state to federal court. *See* 28 U.S.C. § 1332(a).

---

4. Defendant Nissan Japan had not yet been served with process at the time of removal and, therefore, was not required to file a Notice Of Joinder. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 540–41, 59 S.Ct. 347, 83 L.Ed. 334 (1939). Defendant Nissan Japan has since been served and, subsequently, has

filed an Answer to Plaintiff's Complaint in this court on February 25, 1999.

5. The issue of requisite amount in controversy is not in dispute in this action. Accordingly, the court focuses solely on the alleged diversity of citizenship.

It is well-settled that the defendant, as the party removing an action to federal court, has the burden to establish federal jurisdiction. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir .1996). Removal statutes must be strictly construed because of the significant federalism concerns raised by removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Seroyer v. Pfizer, Inc.*, 991 F.Supp. 1308, 1312 (M.D.Ala.1997) (De-Ment, J.). Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court." *Seroyer*, 991 F.Supp. at 1312 (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)); *see also Shamrock Oil*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214; *Diaz*, 85 F.3d at 1505; *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir.1983); *Stone v. Williams*, 792 F.Supp. 749 (M.D.Ala.1992).

As the Supreme Court has long recognized, a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). The Eleventh Circuit has articulated that joinder may be deemed fraudulent in three situations:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant.... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts.... [A] third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim

against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998) (citations omitted).

"The removing party bears the burden of proving that the joinder of the resident defendant was fraudulent." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989) (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983)); *see also Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997) (citing *Cabalceta*). The burden on the defendant is a "heavy one." *Crowe*, 113 F.3d at 1538. "[T]he district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.; see also Coker*, 709 F.2d at 1440 (citing *Bobby Jones Garden Apts., Inc. v. Suleski*, 391 F.2d 172, 177 (5th Cir.1968)).[6] "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Coker*, 709 F.2d at 1440–41 (citing *Parks v. New York Times, Co.*, 308 F.2d 474, 477–78 (5th Cir.1962)). In addressing fraudulent joinder, the court may consider both affidavits and deposition excerpts. *See Cabalceta*, 883 F.2d at 1561; *Coker*, 709 F.2d at 1440.

Here, the court must determine whether Defendant Mitchell Nissan was fraudulently joined. Arguing in favor of fraudulent joinder, Defendant Evenflo sets forth two distinct, but related, arguments: (1) Defendant Evenflo contends that Plaintiff has failed to state a cause of action under the AEMLD against resident Defendant Mitchell Nissan; and (2) assuming that Plaintiff has stated such a cause of action, Defendant Evenflo contends that there is

---

6. Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. *See*

*Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

no possibility that Plaintiff can prove a cause of action under the AEMLD against Defendant Mitchell Nissan.

## A. Plaintiff States A Claim Against Non–Diverse Defendant

First, Defendant Evenflo contends that Plaintiff's only stated claim against Defendant Mitchell is found in Count Eight of her Complaint (Removal Not. ¶ 16), wherein "plaintiff has only requested relief against the defendant Mitchell Nissan under the theories of negligence and wantonness." (*Id.* ¶ 19.) Further, Defendant Evenflo argues that, because "plaintiff has not sought relief from Mitchell Nissan under the AEMLD" and because the AEMLD is the sole cause of action for claims of negligence and wantonness which stem from a factual basis indicating that a defendant set a defective product into the stream of commerce, Plaintiff has failed to state any cause of action against Defendant Mitchell Nissan. (*Id.* ¶¶ 20–21).

Plaintiff disputes Defendant Evenflo's first argument in support of fraudulent joinder, claiming that she "clearly states a cause of action for negligence, wantonness and a claim under the AEMLD against Defendant, Mitchell Nissan, Inc. in her Complaint." (Remand Mot. at 2.) Specifically, Plaintiff argues that "Count Two of Plaintiff's Complaint clearly states a cause of action against Mitchell Nissan, Inc. under the AEMLD." (*Id.* at 5 (emphasis in original).)

Count Two states in relevant part:

### COUNT TWO

### *Claim Under Alabama Extended Manufacturer's Liability Doctrine (AEMLD)*

26. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 25 as if set out here in full.

27. Defendant Mitchell Nissan, Inc. . . . sold, distributed, or otherwise placed into the stream of commerce the 1995 Nissan Pathfinder in a defective and unreasonably dangerous condition.

28. Said Defendant failed to warn or otherwise notify the intended user or consumer of the dangerously defective condition.

\* \* \* \* \* \*

WHEREFORE, Plaintiff Danita Dawn Judson demands judgment against Defendants Nissan Motor Co., Ltd., Nissan Motor Corporation in U.S.A. . . . in such amount as a jury may award plus the cost of this action.

(Compl. ¶¶ 26–28.) Plaintiff concedes that, while she specifically asserts a claim under the AEMLD against Defendant Mitchell Nissan in Count Two of her Complaint, she does not demand judgment against Defendant Mitchell Nissan in said count. (Remand Mot. at 6.) Plaintiff contends, however, that she does specifically demand judgment against Defendant Mitchell Nissan in Count Eight under the AEMLD by incorporating by reference in Count Eight her AEMLD allegations against Defendant Mitchell Nissan stated in Count Two.[7] (*Id.*) Count Eight states:

### *COUNT EIGHT*

51. Plaintiff *realleges and incorporates by reference* the allegations contained in paragraphs 1 through 50 as if set out here in full.

52. The negligence, wantonness or other wrongful conduct of the Defendants as alleged herein combined and concurred to cause the death of Derrick Austin Judson and the injuries to Danita Dawn Judson.

WHEREFORE, Plaintiff Danita Dawn Judson *demands judgment against Defendants* in such amount as a

---

7. Plaintiff further argues that her "negligence and wantonness claims are not subsumed into the AEMLD claim," as contended by Defendant Evenflo. (*Id.* at 6.) In finding that Plaintiff has stated a cause of action against Defendant Mitchell Nissan under the AEMLD, however, the court need not address said argument, thereby leaving resolution of same to the Circuit Court of Dale County upon remand.

jury may award plus the cost of this action.

(Compl. ¶¶ 51–52 (emphasis added).)

▆ The court finds that Plaintiff has alleged in her Complaint a cause of action under the AEMLD against Defendant Mitchell Nissan. The court notes that Plaintiff could have been more organized, direct, and clear in the pleading of her Complaint by specifically demanding judgment against Defendant Mitchell Nissan in Count Two. *See* Fed.R.Civ.P. 8(e)(1) (stating in relevant part that "[e]ach averment of a pleading shall be simple, concise, and direct"). The court finds, however, that Plaintiff's incorporation by reference in Count Eight, wherein Plaintiff does demand judgment against Defendant Mitchell Nissan, of the AEMLD allegations against Defendant Mitchell Nissan set forth in Count Two serves to sufficiently state a claim under the AEMLD against Defendant Mitchell Nissan. Such a liberal construction of Plaintiff's Complaint is required to ensure the provision of substantial justice to the adjudication of this case. *See* Fed.R.Civ.P. 8(f) (stating that "[a]ll pleadings shall be so construed as to do substantial justice").

**B. Defendant Evenflo Fails To Prove There Is No Possibility Plaintiff Could Recover Under AEMLD Against Non–Diverse Defendant**

Having found that Plaintiff's Complaint *states* a claim under the AEMLD against Defendant Mitchell Nissan, the court now addresses the issue of whether Defendant Evenflo has met its burden of establishing that there is no possibility that Plaintiff can *prove* a cause of action against Defendant Mitchell Nissan. "[A]ssuming that the Complaint could be read to set forth [or state] a cause of action against Mitchell Nissan under the AEMLD," Defendant Evenflo argues that "there is no possibility that plaintiff could recover under such a theory, and therefore, Mitchell Nissan [the non-diverse defendant] has been fraudulently joined." (*Id.* ¶¶ 15, 25.) Defendant Evenflo asserts the affirmative defense of lack of causal relation, stating that "[u]n-

der the AEMLD, a plaintiff cannot recover against a mere seller of a product where there is no causal relation in fact between the seller's handling of a product and its alleged defective condition." (Resp. at 1–2.)

In support of this argument, Defendant Evenflo relies on the Affidavit of John Mitchell ("Mitchell Aff."), President of Mitchell Nissan, as standing for the following propositions: (1) that Mitchell Nissan did not "alter or modify the subject vehicle in any way;" (2) that "Mitchell Nissan did not contribute to the alleged defect of the vehicle and had no knowledge of the alleged defective condition;" and (3) that "Mitchell Nissan also did not have any opportunity, superior to that of Plaintiff, to inspect the condition of the subject vehicle" because "Mitchell Nissan has never had any contact with Plaintiff," because "Mitchell Nissan sold the vehicle at issue to Virgil and Mary Byrd on or about May 12, 1995 ... [and because] Plaintiff did not purchase the vehicle at issue from the Byrds until April 2, 1998." (Removal Not. ¶ 26; Resp. at 5.) Finally, Defendant Evenflo argues that "[w]hen, as here, a[n] automotive dealership only sells a vehicle and does nothing further, the dealership incurs no liability as a matter of law." (Removal Not. ¶ 26.)

Plaintiff argues that Defendant Evenflo has failed to demonstrate that there is no possibility that Plaintiff can prove a cause of action against Defendant Mitchell Nissan. (Reply at 1.) In support of said argument and in opposition to Defendant Evenflo's assertion of the affirmative defense of lack of causal relation, Plaintiff contends that:

Mitchell Nissan, Inc. played much more of a role in this transaction than what is alleged in the affidavit of the Mitchell Nissan President.... Mitchell Nissan, Inc., contrary to the affidavit, *did inspect* and *make adjustments* to the vehi-

cle prior to placing the vehicle into the stream of commerce.

(Remand Mot. at 2 (emphasis in original).)

In *Casrell v. Altec Industries, Inc.*, 335 So.2d 128 (Ala.1976), and its companion case, *Atkins v. American Motors Corp.*, 335 So.2d 134 (Ala.1976), the Alabama Supreme Court first recognized the AEMLD as a fault-based doctrine under which:

> [A] manufacturer, or supplier, *or seller*, who markets a product not reasonably safe when applied to its intended use in the usual and customary manner, (commits) negligence as a matter of law.... In other words, the fault or negligence of the defendant is that he has conducted himself in a negligent manner by placing a product on the market causing personal injury or property damage, when used to its intended purpose.

*Casrell*, 335 So.2d at 132 (emphasis added). To establish liability under the AEMLD, a plaintiff must demonstrate that:

> (1) [H]e suffered injury or damages to himself or his property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
>> (a) the seller is engaged in the business of selling such a product, and
>> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
> (2) Showing these elements, the plaintiff has proved a prima facie case although
>> (a) the seller has exercised all possible care in the preparation and sale of his product, and
>> (b) the user or consumer has not bought the product from, or entered into any contractual relation with, the seller.

*Id.* at 132–33.

■ The AEMLD is "accurately described as a hybrid of strict liability and traditional negligence concepts." *Pitts v. Dow Chem. Co.*, 859 F.Supp. 543, 550 (M.D.Ala.1994). Due to the hybrid nature of the AEMLD, certain affirmative defenses, including lack of causal relation, are available to defeat a claim under the AEMLD. The recent case of *Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F.Supp. 1213 (S.D.Ala.1998), explains the availability of said defense as follows:

> The AEMLD undeniably "retain[s] the 'fault' concept based on a standard of conduct causally related in fact to the defective condition" of the goods in question. *Atkins, supra,* at 137. Indeed, Alabama law expressly rejects "the no-fault precept which imposes liability equally on all 'sellers' without regard to culpability causally related in fact to the defective condition of the product...." *Id.* at 138. To do otherwise would place
>> the test of culpability in the quality of the product rather than in a standard of conduct resulting in the quality of the product; and it [would also] fail[ ] to distinguish between one whose conduct has contributed to its defective condition and one whose conduct has not so contributed.
> *Id.* at 139.
> In accordance with the concept of fault retained in Alabama products-liability jurisprudence, *it is an affirmative defense to liability under AEMLD that "there is no causal relation in fact between [a defendant's] activities in connection with handling the product and its defective condition,"* *Id.* at 143.
>> For example, *the defendant may show that* he is in the business of either distributing or processing for distribution finished products; he received a product already in a defective condition; he did not contribute to this defective condition; *he had neither knowledge of the defective condition, nor an opportunity to inspect the product which was superior to the knowledge or opportunity of the consumer.*
>> *Id.*

*Wakeland*, 996 F.Supp. at 1219 (emphasis added). "A prima facie case of this de-

fense is made out by showing a lack of causal relation in-fact." *Id.* "[T]he lodestar of the defense of lack of causal relation is just that—a lack of causal relation-in-fact between the seller's handling of the goods and the defective character of the goods." *Id.* at 1220.

The defense of lack of causal relation must fail, however, if a plaintiff has set forth allegations sufficient to suggest "a certain degree of retailer activity with some nexus to the defective nature of the goods." *Id.* at 1220. For example, the cases of *Caudle v. Patridge*, 566 So.2d 244 (Ala.1990), and *Allen v. Delchamps*, 624 So.2d 1065 (Ala.1993), provide instances in which the defense of lack of causal relation failed.

> In the case of *Caudle v. Patridge*, the Alabama Supreme Court reversed a summary judgment which had been entered by the Circuit Court in favor of a seller of a four-wheel-drive conversion kit. There, the seller of the kit "advised [the buyer] on how to install the kit and discussed with him the tools necessary for the installation." *Caudle, supra*, at 246. Moreover, the seller asked the buyer to bring the truck back to the store when the conversion was complete "so that someone there could look up under it." *Id.* (internal quotation marks omitted).
>
> Two important legal ramifications may be ascribed to the actions of the seller of the four-wheel-drive conversion kit at issue in the *Caudle* case: (1) he held himself out as one with superior knowledge of the conversion, and (2) he assumed a duty to inspect the final installation.

*Wakeland*, 996 F.Supp. at 1220.

> The case of *Allen v. Delchamps* involved the sale of celery treated with sodium bisulfite, a compound to which a small percentage of people are allergic. The trial court entered a summary judgment for Delchamps on all claims. The Alabama Supreme Court reversed, holding that jury issues existed as to the defense of lack of causal relation and as to the merchantability of the celery. As to the

lack of causal relation, the court noted that "Delchamps routinely inspects produce for freshness and quality at its warehouse. Delchamps also requires its suppliers to certify that they are complying with pesticide and insecticide regulations." *Allen, supra*, at 1066. In fact, Delchamps had inspected samples of the very shipment of celery from which the plaintiff had made her purchase. *Id.*

> Here again, it was the assumption of a duty to inspect, and actual inspection, that the court found created a jury issue as to the defense. In addition, the retailer had set specific standards for its suppliers to follow.

*Id.* at 1220–21.

As in *Caudle* and *Allen*, here the court finds that Defendant Evenflo's affirmative defense of lack of causal relation fails and, therefore, that Defendant Evenflo has failed to establish that there is no possibility that Plaintiff can prove a cause of action against Defendant Mitchell Nissan. The court so finds only after a careful and exhaustive review of the various unpublished opinions proffered by both Plaintiff and Defendant Evenflo. Plaintiff relies an *Harris v. Chrysler Corp.*, Civil Action No. 94–A–186–E (M.D.Ala. Apr. 29, 1994) (Albritton, J.), and the companion cases *Jenkins v. R.J. Reynolds Tobacco Co.*, Civil Action No. 96–T–1489–N (M.D.Ala. Dec. 30, 1996) (Thompson, J.), and *Seaborn v. R.J. Reynolds Tobacco Co.*, 1996 WL 943621, Civil Action No. 96–T–1540–N (M.D.Ala. Dec. 30, 1996) (Thompson, J.), as standing for the proposition that "a company that markets and assists in the sale of a product may be liable under the AEMLD." (Remand Mot. at 9–10 (citing *Harris*, Civil Action No. 94–A–186–E, slip op. at 7); Reply at 2.)

In *Harris*, the court granted Plaintiff Harris' Motion To Remand, stating that "without speculating on Harris' chance of ultimately succeeding on his claim, the court cannot find that Defendants have demonstrated by clear and convincing evi-

dence that Harris has *no possibility* of establishing a cause of action against [the resident defendant] Royal." *Id.* at 7 (emphasis in original). In reaching its decision to remand the case, the court relied on Harris' argument set forth in his Brief In Support Of Motion To Remand, wherein "Harris maintains that Royal was paid to warehouse and inspect the automobile in question, including the passive restraints at issue." *Id.* at 6.

Defendant Evenflo argues, however, that the facts in *Harris* are different from those in the instant case because Harris did not purchase the automobile from Royal. (Resp. at 14.) Rather, Defendant Royal played a "role in a rather unique transaction. Plaintiff had purchased a car from 'Military Sales in Wurzburg, Germany'" and "'Royal was paid to warehouse and inspect the automobile in question.'" (Resp. at 14 (citing *Harris*, Civil Action No. 94–A–186–E, slip op. at 6).)

Defendant Evenflo also argues that the facts in *Johnson v. General Motors Corp.*, Civil Action No. 97–BH–46–C (S.D.Ala. July 22, 1997) (Hand, J.) "are indistinguishable from our own." (Resp. at 14.) In *Johnson*, the court granted summary judgment in favor of the non-diverse defendant car dealership, Rahal Buick, stating that "there being no possibility of stating claims ... against Rahal, Rahal's joinder must be considered fraudulent for purposes of determining the existence of diversity jurisdiction." *Johnson*, Civil Action No. 97–BH–46–C, slip op. at 7–8. In support of its finding, the court noted that Rahal Buick had asserted a defense of lack of causal relation and that:

> [P]laintiff does not dispute that Rahal performed *no service or body work on the Blazer*, did not modify the vehicle in any way and had absolutely no input in the design and manufacturing process. In addition, plaintiff has failed to proffer any evidence to show that Rahal had knowledge of any alleged defect(s) in the Blazer or that the alleged defects were

of a nature that Rahal's opportunity, as a mere distributor of a finished product, to discover them was superior to that of the plaintiff.

*Id.* at 7. The court also noted that "plaintiff has neither presented any evidence, nor even alleged sufficient facts" to support her claim that "Rahal's opportunity to inspect and discover this assumed defect [in the seatbelt system] was superior to that of the plaintiff and her decedent." *Id.* at 3–4.

Further, the court in *Johnson* denied plaintiff's motion to amend her complaint to add a claim against the original seller of the Blazer, Solomon Motor Company, which, if joined as a defendant, would destroy diversity.[8] *Id.* at 8. In so denying, the court stated that "[f]or the same reasons that prohibit a claim against Rahal, plaintiff cannot state the requisite AEMLD claims against Solomon."

In the instant case, Plaintiff also relies on both *Jenkins* and *Seaborn*, wherein the court granted Jenkins' and Seaborn's respective motions to remand. The relevant issue in each case was whether certain resident defendant cigarette distributors had been fraudulently joined. *See Jenkins*, Civil Action No. 96–T–1489–N, slip op. at 9; *Seaborn*, Civil Action No. 96–T–1540–N, 1996 WL 943621, slip op. at 9. Defendant R.J. Reynolds argued in each case that, although plaintiffs had established their prima facie cases under the AEMLD, the affirmative defense of lack of causal relation prevented plaintiffs from being able to prove said cause of action. *Id.* The court, however, pointed to the fact that plaintiff in each case countered said affirmative defense with evidence from a former employee of one of the defendant distributors tending to indicate that the defendant distributors had knowledge superior to that of plaintiffs regarding the defective nature of cigarettes. *Id.* In both cases, the court acknowledged that said evidence of the former employee was vig-

---

8. The Blazer was purchased new from Solomon Motor Company by Jerry Gilmore. Thereafter, the Blazer was purchased used from Rahal Buick.

orously disputed by R.J. Reynolds and "may prove of little or no value. However and most importantly, it [is] also still possible that Freeman's testimony will 'have evidentiary support after a reasonable opportunity for further investigation or discovery.' Fed.R.Civ.P. 11." *Id.*

Defendant Evenflo disputes the applicability of *Jenkins* and *Seaborn,* arguing that the facts of the instant case are more like those in *Wakeland,* 996 F.Supp. 1213, wherein the court found that, " BDs a matter of law, therefore, the defense of lack of causal relation is available to one who merely sells cigarettes within Alabama, whether on the wholesale or retail level." *Id.* at 1220. In support of this finding, the court noted that "[t]his record is devoid of any suggestion" that there was "a certain degree of retailer activity with some nexus to the defective nature of the goods." *Id.*

■■■ After this thorough review of the distinct fact patterns in *Caudle, Allen, Harris, Johnson, Jenkins, Seaborn,* and *Wakeland,* the court finds the facts in the instant case to be more like those in *Caudle, Allen, Harris, Jenkins,* and *Seaborn,* cases in which the court found that the non-resident defendants failed to establish as a matter of law the affirmative defense of lack of causal relation. For example, the court notes that in both *Caudle* and *Allen,* the Alabama Supreme Court reversed summary judgments which had been granted in favor of the sellers of defective products because factual issues existed as to whether the defense of lack of causal relation was established. Likewise, the facts in *Harris* demonstrate a certain degree of activity by the non-diverse defendant Royal with some nexus to the defective nature of the goods.

Similarly, in the instant case, Plaintiff has alleged "a certain degree of retailer activity with some nexus to the defective nature of the goods," *Wakeland,* 996 F.Supp. at 1220, by contending that the "[non-diverse Defendant] Mitchell Nissan, Inc., contrary to the affidavit, *did inspect* and *make adjustments* to the vehicle prior to placing the vehicle into the stream of commerce." (Remand Mot. at 2 (emphasis in original).) Here, the court finds that Plaintiff, unlike the plaintiff in *Johnson,* has alleged facts sufficient to create an issue of fact as to whether the affirmative defense of lack of causal relation applies. Specifically, such allegations call into question the following assertions set forth in the Mitchell Affidavit:

> Mitchell Nissan does not ... alter the new Nissan automobiles it receives from the manufacturer.... Mitchell Nissan did not alter the subject vehicle.... Mitchell Nissan did not contribute to the defect nor did Mitchell Nissan or any of its agents or employees have any knowledge of the alleged defect.... Mitchell Nissan's opportunity to inspect the subject automobile was not superior to the opportunity of the consumer.

(Mitchell Aff. ¶¶ 3, 5–7.) The court, in evaluating the factual allegations in the light most favorable to Plaintiff as it is required to do, *see Crowe,* 113 F.3d at 1538, finds that Plaintiff's claims that Defendant Mitchell Nissan inspected and made adjustments to the Nissan Pathfinder prevent the court from finding as a matter of law that Defendant Evenflo has established the affirmative defense of lack of causal relation.

Based on the foregoing and without speculating on Plaintiff's chances of ultimately succeeding on her claim, the court finds that Defendant Evenflo has failed to demonstrate that there is no possibility that Plaintiff can establish a cause of action under the AEMLD against the resident Defendant, Mitchell Nissan. Accordingly, the court finds that Defendant Mitchell Nissan was not fraudulently joined and, therefore, that this case lacks complete diversity. Thus, Plaintiff's Motion To Remand is due to be granted and this case is due to be remanded to the Circuit Court of Dale County, Alabama for adjudication.

## II. Plaintiff's Motion For Attorney's Fees

Plaintiff claims that she is entitled to such an award of costs and attorney's fees

because "[t]his case should not have been removed from the Circuit Court of Dale County, Alabama since there is no valid basis for removal. The parties are non-diverse. Plaintiff states claims under Alabama law against all Defendants." (Remand Mot. at 10.) Further, Plaintiff seeks such an award because "[s]ubject matter jurisdiction is 'patently lacking' in this case." (*Id.* at 11.) Despite the fact that Defendant Evenflo filed no opposition to Plaintiff's request for costs and attorney's fees, the court finds that Plaintiff's Motion For Attorney's Fees is due to be denied.

In the Judicial Improvements and Access to Justice Act of 1988 ("JIAJA"), Congress greatly expanded the discretion afforded to federal district courts to award costs and attorney's fees pursuant to 28 U.S.C. §§ 1446 and 1447, where an action has been improperly removed to a federal court. *See* Pub.L. 100–702. As a result of the JIAJA, the amended version of § 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Whether to award attorney's fees and costs is within the sole discretion of the trial court. *See IMCO USA, Inc. v. Title Ins. Co. of Minn.*, 729 F.Supp. 1322, 1323 (M.D.Fla.1990). Prior to the 1988 amendment to § 1447(c), most courts did not include an award of attorney's fees for improper removal without a showing of bad faith because the statute did not mention attorney's fees as an available remedy to an improper removal. *See Gray v. New York Life Ins. Co.*, 906 F.Supp. 628, 630 (N.D.Ala.1995) (citing *Bucary v. Rothrock*, 883 F.2d 447, 450 (6th Cir.1989)).

Subsequent to the amendment, courts have interpreted S 1447(c) to allow broad discretion to a district court when determining whether to award attorney's fees. *See Gray*, 906 F.Supp. at 631 (citing *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 325 (10th Cir.1994)). The standard that has emerged is whether "the defendants in this action acted reasonably on the basis of the information available at the time of removal." *Howard Griggs Trucking, Inc. v. American Central Ins. Co.*, 894 F.Supp. 1503, 1510 (M.D.Ala.1995) (DeMent, J.). More specifically, even though a defendant may have acted in good faith, a district court may award attorney's fees against a defendant for improper removal where subject matter jurisdiction is "patently lacking." *See Grace v. Interstate Life & Accident Ins. Co.*, 916 F.Supp. 1185, 1192 (M.D.Ala.1996) (DeMent, J.); *Bedford v. Connecticut Mut. Life Ins. Co.*, 916 F.Supp. 1211, 1217 (M.D.Ala.1996) (DeMent, J.) (finding that "removal jurisdiction was not 'patently lacking' because the issue of whether diversity jurisdiction exists...is far from a simple determination").

In this action, the court finds that, although this case is due to be remanded, removal jurisdiction was not "patently lacking." The court notes that Defendant Evenflo acted reasonably and justifiably in removing this case on the basis of the information available at the time of removal. Indeed, Defendant Evenflo offered the court case law with arguably similar fact patterns in which courts have denied motions to remand. Based on the foregoing, the court finds that Plaintiff's Motion For Attorney's Fees is due to be denied.

### ORDER

It is therefore CONSIDERED and ORDERED that Plaintiff's Motion To Remand be and the same is hereby GRANTED, and that this action be and the same is hereby REMANDED to the Circuit Court of Dale County, Alabama, pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

It is further CONSIDERED and ORDERED that Plaintiff's Motion For Attorney's Fees be and the same is hereby DENIED.