LYONS, Justice.
In November 1995, Shirley McNeil contracted with Robert Kramer to buy inventory and equipment from Kramer for use in a small business. According to McNeil, she signed a promissory note to cover a portion of the purchase price of the inventory and equipment. McNeil says the promissory note was paid in full on November 9, 1995. In November 1996, Kramer sued McNeil in a state court in Volusia County, Florida (Seventh Judicial Circuit), claiming that McNeil had not paid the note in full and was in default. On November 18, 1996, notice of the action was sent by personal service to McNeil at her Tarrytown, Louisiana, address. On November 27, 1996, the notice was returned to the Florida court, with a note stating that McNeil’s son had reported to the process server that McNeil had returned to Alabama. On December 10, 1996, an alias summons was sent to McNeil’s Mobile, Alabama, address. The process server returned the alias summons, with a note stating that McNeil had moved to New Mexico. After these two unsuccessful attempts to serve McNeil by process server, Kramer applied to the trial court for permission to serve McNeil by publication. The trial court granted Kramer’s application, and the notice was published in a Volusia County newspaper on January 13, 20, and 27 and February 3, 1997. McNeil did not respond to the notice. On February 27, 1997, based upon service by publication, Kramer obtained a default judgment against McNeil in the amount of $13,156.31 in a state court in Volusia County, Florida.
On February 13,1998, Kramer sought to domesticate the judgment in the Mobile Circuit Court, pursuant to the Uniform Enforcement of Foreign Judgments Act, § 6-9-230, Ala.Code 1975. McNeil moved for a holding that the default judgment was void; the trial court denied her motion and domesticated the judgment. She appealed. The Court of Civil Appeals affirmed, without an opinion, on May 21, 1999. McNeil v. Kramer (No. 2980072), 777 So.2d 330 (Ala.Civ.App.1999) (table). This Court granted certiorari review to *155 determine whether the Florida court had jurisdiction over McNeil.
McNeil argues that the Florida court did not have in personam jurisdiction over her when it rendered the default judgment against her because, she argues, notice by publication is not proper in a case involving a promissory note. A Florida statute, Fla. Stat. § 49.011, specifically lists the kinds of cases in which service by publication is allowed:
“Service of process by publication may be made in any court on any person mentioned in s. 49.021 in any action or proceeding:
“(1) To enforce any legal or equitable lien or claim to any title or interest in real or personal property within the jurisdiction of the court or any fund held or debt owing by any party on whom process can be served within this state.
“(2) To quiet title or remove any encumbrance, lien, or cloud on the title to any real or personal property within the jurisdiction of the court or any fund held or debt owing by any party on whom process can be served within this state.
“(3) To partition real or personal property within the jurisdiction of the court.
“(4) For dissolution or annulment of marriage.
“(5) For the construction of any will, deed, contract, or other written instrument and for a judicial declaration or enforcement of any legal or equitable right, title, claim, lien, or interest thereunder.
“(6) To reestablish a lost instrument or record which has or should have its situs within the jurisdiction of the court.
“(7) In which a writ of replevin, garnishment, or attachment has been issued and executed.
“(8) In which any other writ or process has been issued and executed which places any property, fund, or debt in the custody of a court.
“(9) To revive a judgment by motion or scire facias.
“(10) For adoption.
“(11) In which personal service of process or notice is not required by the statutes or constitution of this state or by the Constitution of the United States.
“(12) In probate or guardianship proceedings in which personal service of process or notice is not required by the statutes or constitution of this state or by the Constitution of the United States.
“(13) For termination of parental rights pursuant to part IX of chapter 39.
“(14) For temporary custody of a minor child, under ss. 751.01-751.05.”
Fla. Stat. § 49.011 (1994).[1] This statute does not include an action on a promissory *156 note in the list of the kinds of cases in which service by publication may be had.[2]
The Florida courts have specifically stated that an action on a promissory note is not included in § 49.011. In Meiliunas v. O’Leary, 483 So.2d 509 (Fla.Dist.Ct.App.1986), O’Leary sued Meiliunas to recover on a promissory note and attempted to serve him by constructive service of process pursuant to the provisions of Chapter 49 of the Florida Statutes. O’Leary’s attorney filed with the trial court an affidavit in which he stated that he had made a diligent inquiry to discover the name and residence of the defendant. After service by publication, the trial court entered a default judgment against Meiliunas. The Florida Fourth District Court of Appeals reversed the default judgment, stating:
“Service of process by publication is expressly provided for in section 49.011, Florida Statutes (1985), and the types of cases in which such process can be utilized are listed. Suit on a promissory note did not make the list. Accordingly, we hold that on the complaint filed herein service by publication pursuant to Chapter 49 was not available and that no jurisdiction over appellant was ever obtained.”
483 So.2d at 510. The Court concluded that, because the kind of service used was invalid, the trial court had had no jurisdiction. Therefore, based on Meiliunas, we conclude that McNeil was not properly served. Thus, the trial court was without jurisdiction and the judgment is void.
We reverse the judgment of the Court of Civil Appeals and remand the cause for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, SEE, BROWN, JOHNSTONE, and ENGLAND, JJ„ concur.

. Florida Statute § 49.021 stales:
“Where personal service of process or, if appropriate, service of process under s. 48.194 cannot be had, service of process by publication may be had upon any party, natural or corporate, known or unknown, including:
"(1) Any known or unknown natural person, and, when described as such, the unknown spouse, heirs, devisees, grantees, creditors, or other parties claiming by, through, under, or against any known or unknown person who is known to be dead or is not known to be either dead or alive;
“(2) Any corporation or other legal entity, whether its domicile be foreign, domestic, or unknown, and whether dissolved or existing, including corporations or other legal entities not known to be dissolved or existing, and, when described as such, the unknown assigns, successors in interest, trustees, or any other party claiming by, through, under, or against any named corporation or legal entity;
“(3) Any group, firm, entity, or persons who operate or do business, or have operated or done business, in this state, under a name or title which includes the word 'corporation,’ 'company,' ‘incorporated,’ 'inc.,' or any combination thereof, or under a name or title which indicates, tends to indicate or leads one to think that the same may be a corporation or other legal entity; and
"(4) All claimants under any of such parties.
*156 “Unknown parties may be proceeded against exclusively or together with other parties.”

. Amendments since 1996 are not relevant to the issue presented in this case.