421 So.2d 740 (1982)
Carlos H. MERCADO, Appellant,
v.
P. Jacques PARENT, Appellee.
No. 81-824.
District Court of Appeal of Florida, Fourth District.
November 10, 1982.
Jeff M. Brown of Lavalle, Wochna, Rutherford, Truesdell & Brown, Boca Raton, for appellant.
Robert C. Furr, Boca Raton, for appellee.
GLICKSTEIN, Judge.
This is an appeal from a post-judgment order requiring a lawyer who represented a defendant in a civil action to divulge the client's address in aid of execution following the entry of final judgment. We reverse.
The lawyer-client privilege is codified in section 90.502, Florida Statutes (1979) and enables the lawyer to claim the privilege on behalf of the client to refuse to disclose the contents of a confidential communication. Exclusions therefrom are set forth in the same section. The address of a client is not specifically mentioned therein.
97 C.J.S. Witnesses § 286, at p. 812 (1957) states the general rule to be:

*741 As a general rule an address given confidentially by a client to an attorney while consulting him in a professional capacity is a privileged communication, and he will not be compelled to disclose it where no sufficient ground is shown for the necessity therefor.
(Footnotes omitted.) We believe it to be a sound rule.[1]See also Annot., 16 A.L.R.3d 1047 (1967). Cf. McCormick's Handbook of the Law of Evidence § 90 (E. Cleary 2d ed. 1972); Willis v. Superior Court, 112 Cal. App.3d 277, 169 Cal. Rptr. 301 (1980).
We realize that there is authority for not applying the general rule during the pendency of litigation. The court is entitled to know the identity and addresses of the parties. See Burden v. Church of Scientology of California, 526 F. Supp. 44 (M.D.Fla. 1981), which relied upon Florida Rule of Judicial Administration 2.060(d) in requiring former counsel for defendants to disclose the defendants' whereabouts as the plaintiff had been unable to serve them with a copy of the complaint.[2]
However, we also recognize that in the absence of disclosure for the proper administration of justice, such as requiring the information to prevent the flaunting of the court's orders, the entry of judgment absent appeal should serve as a proper line of demarcation subsequent to which the attorney should be able to claim the privilege. At that point the action is over. We are not the only court to recognize such a distinction. See Matter of Jacqueline F., 47 N.Y.2d 215, 417 N.Y.S.2d 884, 391 N.E.2d 967 (1979); Potamkin Cadillac Corp. v. Karmgard, 100 Misc.2d 627, 420 N.Y.S.2d 104 (N.Y. Civ. Ct. 1979).
In the present case we perceive no compelling ground to require disclosure for the proper administration of justice. Accordingly, we reverse the post-judgment order.
HURLEY and DELL, JJ., concur.
NOTES
[1] It is not without significance that this privilege is the oldest of the privileges for confidential communications, its history extending from the reign of Elizabeth 1. 8 J. Wigmore, Evidence § 2290 (McNaughton rev., 1961).
[2] Florida Rule of Judicial Administration 2.060(d) provides that an attorney may be required by the court to give the address of the party he represents.