562 So.2d 389 (1990)
Nicolette WIGGAM, Appellant,
v.
Diane BAMFORD and Norman Bamford, Appellees.
No. 89-2474.
District Court of Appeal of Florida, Fourth District.
May 30, 1990.
*390 Geoffrey B. Marks and G. Bart Billbrough of Walton Lantaff Schroeder & Carson, Miami, for appellant.
Paul A. Gamba of Paul A. Gamba, P.A., Palm City, for appellees.
HERSEY, Chief Judge.
The issue in this appeal from an order denying a motion for dismissal of a complaint, is whether the court acquired personal jurisdiction over the defendant (appellant, Wiggam). Failing in their efforts to effect personal service of process on appellant, in an action arising out of an automobile accident, appellees resorted to substituted service of process. The trial court determined that appellees had complied with the requirements of sections 48.161 and 48.171, Florida Statutes (1987), and refused to dismiss the action. Appellant filed a request for an extension of time to answer the complaint and then took this appeal.
As the appellant correctly points out, it is well settled in Florida that "[t]o support substituted service of process on a defendant the complaint must allege the jurisdictional requirements prescribed by statute." Drake v. Scharlau, 353 So.2d 961, 964 (Fla. 2d DCA 1978); Ferguson v. McWilliams, 483 So.2d 509 (Fla. 4th DCA 1986). This means that the plaintiff must allege in his complaint the ultimate facts bringing the defendant within the purview of the statute. Fla.R.Civ.P. 1.070(i). Pleading the ultimate facts requires that two requisites be alleged. "The first is the nonresidence or concealment of the defendant. The language of the statute should be used. The second requisite is an allegation that the cause of action arose from a Florida activity within the purview of the statute." Trawick, Florida Practice and Procedure, § 8-16 (1987).
An examination of the complaint here discloses a failure to allege the necessary jurisdictional requirements. The complaint in this case alleges subject matter jurisdiction only ("this is an action for damages in excess of five thousand dollars,"). While it does allege that the cause of action arose from a Florida activity, the complaint fails to allege that appellant is a nonresident or concealing herself. On that basis alone it is fatally defective. In Journell v. Vitanzo, 472 So.2d 827 (Fla. 4th DCA 1985), this court stated, "[i]n order to constitute the secretary of state as agent for a defendant motor vehicle owner or operator the plaintiff must allege in his complaint that the defendant was a nonresident, or a *391 resident of Florida who subsequently became a nonresident, or a resident of Florida concealing his whereabouts." (citations omitted). See also Insolia v. Wagie, 505 So.2d 696 (Fla. 4th DCA 1987); Ferguson v. McWilliams, 483 So.2d 509 (Fla. 4th DCA 1986).
The appellant's second contention is that the appellees failed to comply with the "due diligence" requirement of the statute. As the appellant correctly notes, to overcome the primary requirement of personal service, the plaintiff must demonstrate the exercise of due diligence in attempting to locate the defendant.
The test [for determining the sufficiency of constructive or substitute service] is not whether it was in fact possible to effect personal service in a given case, but whether the complainant reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him to effect personal service on the defendant.
Grammer v. Grammer, 80 So.2d 457, 460 (Fla. 1955), (citing McDaniel v. McElvey, 91 Fla. 770, 108 So. 820 (1926)).
The appellees contend that they have complied with the "due diligence" requirement in attempting to ascertain the whereabouts of the defendant. In support, they point to the following:
(1) an unsuccessful attempt at service by the sheriff's department at the defendant's address listed in the accident report (the sheriff's report states that defendant was not at the address),
(2) a check of the local telephone book by plaintiffs'/appellees' attorney,
(3) a check at the United States postal office for forwarding or new addresses,
(4) several telephone calls to local directory assistance,
(5) an unsuccessful attempt at service of process by an investigation agency, whose affidavit states that the defendant moved from her current address and left no forwarding address, and that it was unable to locate her.
These efforts, according to the appellees, represent "due diligence." However, we agree with appellant that appellees' efforts do not reach the level of "due diligence" required and therefore substituted service is not appropriate.
In Knabb v. Morris, 492 So.2d 839 (Fla. 5th DCA 1986), the plaintiff's efforts to locate the defendant included hiring an investigator who attempted service at three different addresses, checked the telephone directory, the postal service, and several utility companies before proceeding under the substituted service statute. The fifth district held that those efforts did not constitute due diligence because the plaintiff ignored certain obvious leads to the defendant's whereabouts: notably, the vehicle accident report contained addresses of the occupants of the car driven by the defendant during the accident at issue. The fifth district noted that although both addresses were located in the county where both the accident and the litigation had occurred, the plaintiff had failed to attempt to contact these people to inquire about the defendant's whereabouts. For this reason, the fifth district held there was a lack of "due diligence."
Similarly, in Torelli v. Travelers Indem. Co., 495 So.2d 837 (Fla. 3d DCA 1986), the third district held that the plaintiff did not exercise due diligence in attempting to locate the defendant where he failed to make inquiry of the defendant's known attorney as to his client's whereabouts. The failure to follow such an obvious lead compelled the conclusion that the plaintiff had not exercised due diligence.
In this case the appellees also failed to follow an obvious lead to the appellant's whereabouts. They failed to make inquiry of her attorney. As in Torelli, the conclusion that they failed to exercise due diligence is therefore compelled. We note that our holding is consistent with Mercado v. Parent, 421 So.2d 740 (Fla. 4th DCA 1982). In Mercado, this court held that an attorney could not be required to divulge his clients' whereabouts after entry of judgment absent appeal. However, this *392 court also noted that the rule did not apply during the pendency of litigation. The present case falls within that exception as it involves representation during, not after, the action. We adhere to the views expressed in Mercado.
Although the plaintiffs/appellees did make some effort to locate the defendant, their attempts do not rise to the level of due diligence required by section 48.161, Florida Statutes (1987).
We find no merit in appellees' additional arguments which we have carefully considered but do not address.
We reverse and remand with instructions to grant the motion for dismissal for lack of personal jurisdiction.
REVERSED AND REMANDED.
GLICKSTEIN and GUNTHER, JJ., concur.