PER CURIAM.
Appellant, Abdala Alhussain, appeals an order that in effect denied his motion to quash service of process as it ordered him to file an answer to the complaint. We reverse because the substituted service was ineffective since the complaint failed to allege any basis for such service.
Appellee, Matthew Sylvia, sued Alhussain in connection with a boating accident. Ap-pellee alleged that Alhussain was, and is, a Broward County resident and the homeowner responsible for the placement of a dolphin piling which caused the accident. Upon having difficulty locating Alhussain, ap-pellee successfully sought several orders permitting him to extend the time to serve Alhussain with the complaint. More than two years after filing suit, appellee substituted service on Florida’s Secretary of State, pursuant to section 48.181(1), Florida Statutes (1995).
As this court emphasized in Farouki v. Attel et Cie, 682 So.2d 1185 (Fla. 4th DCA 1996), in order to support substituted service of process on a defendant, the complaint must allege the jurisdictional requirements prescribed by statute. If it fails to do so, then a motion to quash process should be granted. See also Wiggam v. Bamford, 562 So.2d 389, 390 (Fla. 4th DCA 1990).
Here, appellee substituted service under section 48.181(1), which provides that *807 Florida’s Secretary of State can accept service for any former Florida resident who previously conducted business in Florida but subsequently becomes a nonresident or any Florida resident who conceals his or her whereabouts. Appellee’s complaint alleged that Alhussain was a Florida resident and homeowner at the time of the accident. However, the complaint failed to allege, nor was it amended to allege, that Alhussain had become a nonresident or was concealing his whereabouts. Because appellee failed to plead the required statutory prerequisites or to allege the ultimate facts that invoke the statute, he could not perfect substituted service on appellant. See Farouki, 682 So.2d at 1186; Wiggam, 562 So.2d at 390; see also. Hodges v. Noel, 675 So.2d 248, 249 (Fla. 4th DCA 1996).
Because of our disposition of the first issue, we need not address the remainder of appellant’s claims that the service was defective. Accordingly, we reverse the order denying appellant’s motion to quash and remand for the ease to proceed accordingly.
REVERSED and REMANDED.
GUNTHER, POLEN and STEVENSON, JJ., concur.