915 So.2d 288 (2005)
BOATFLOAT® LLC, a Florida Liability Company, Appellant,
v.
John GOLIA, M.D., Appellee.
No. 4D05-426.
District Court of Appeal of Florida, Fourth District.
December 7, 2005.
*289 Ronnie Adili of Sweetapple, Broeker Varkas & Feltman, Boca Raton, for appellant.
Margaret Z. Villella of Atkinson, Diner, Stone, Mankuta & Ploucha, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
John Golia, M.D., filed a complaint against Boatfloat® LLC. After not being able to serve Boatfloat via a registered agent, due to the fact that the only address for Boatfloat was in a gated residential community with no regular business hours open to the public, Golia issued an alias summons which was served on the Secretary of State. After some time passed with no response from Boatfloat, Golia filed a motion for default which was granted. Ultimately final judgment was entered in his favor. Upon learning of the default, Boatfloat moved to have the default set aside and service of process quashed. The trial court denied the motion. We reverse.
The issue in this case is whether a party may serve a limited liability company via the Secretary of State in Florida. Appellant Boatfloat, LLC argues that it cannot. We agree.
Section 608.463, Florida Statutes (2003), addresses how a limited liability company should be served, but it does not address the situation at bar and thus, this court is left to determine if, in the statute's silence, service on the Secretary of State is proper. Section 608.463 provides that service of process on a limited liability company should be completed as if the limited liability company were a partnership. That reference takes us to section 48.061, Florida Statutes (2003), which addresses service of process on a partnership. The first section of this statute applies to partnerships, while the other two sections discuss service of process on other types of partnerships, a domestic limited partnership and a foreign limited partnership. Id. Section 48.061(1) provides that service of process on a partnership should be completed on a partner or if a partner is not available during regular business hours, he or she may designate an employee to accept service. If a party makes one attempt to serve either a partner or a designated employee to no avail, the party may serve process on "the person in charge of the partnership during regular business hours." Id. This section illustrates the conundrum at hand in the instant case, mainly that there is no provision in the applicable statute that provides a method of service of process where the partnership, *290 or in this case the limited liability company, does not have regular business hours open to the public. While we recognize the challenge Golia faced, we cannot read into the statute an alternative method of service of process.
Golia urges us to look to subsection two of section 48.061 which discusses how service of process must be completed on a domestic limited partnership. This section provides that in certain situations service upon the Secretary of State is proper as the agent of the limited domestic partnership. § 48.061(2), Fla. Stat. While this is tempting, the language of the applicable statutory section on limited liability companies indicates looking to section two of section 48.061 would not be a prudent choice. Section 608.463 provides service of process against a limited liability company may be served "[i]n accordance with chapter 48 or chapter 49, as if the limited liability company was a partnership." § 608.463(1)(a), Fla. Stat. While the reference to chapter 48 may lead one to believe looking to section two of section 48.061 is permissible, the last clause of the statute limits the reference to chapter 48. This limitation, "as if the limited liability company was a partnership" leads this court to determine that section 608.463 does not give the trial court free reign to look at any section of section 48.061 it chooses. Instead, section 608.463 limits the sections of 48.061 the trial court may look to, only that which applies to partnerships, not limited partnerships. Accordingly, we decline to accept Golia's invitation to look to other statutory sections in the statute's silence regarding how to approach the situation he faced.
This conclusion leads to an unfortunate result, that Golia had no way to serve Boatfloat given that it had no regular business hours open to the public. We suggest that the Legislature review this situation in the future and provide guidance to parties, like Golia, who find themselves with no way to serve a limited liability company in such a situation. However, until the Legislature provides otherwise, we must adhere to the applicable statutes. Accordingly, we reverse the trial court's order in the instant case.
Reversed.
GUNTHER, GROSS and HAZOURI, JJ., concur.