954 So.2d 1179 (2007)
MECCA MULTIMEDIA, INC., d/b/a M3 Studios, Appellant,
v.
Andrew KURZBARD, Appellee.
No. 3D06-2255.
District Court of Appeal of Florida, Third District.
April 11, 2007.
*1180 Kubicki Draper and Maria Kayanan, Miami, for appellant.
Homer Bonner and Douglas F. Eaton, Miami, for appellee.
Before WELLS, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, Mecca Multimedia, Inc., d/b/a M3 Studios ("Mecca"), appeals a non-final order of the trial court denying its motion to quash service of process and to vacate default, based upon ineffective service of process. Because the complaint fails to allege the jurisdictional basis for substituted service, we find that substituted service of process on Mecca was ineffective, and therefore, reverse the order of the trial court.
The plaintiff, Andrew Kurzbard ("Kurzbard"), filed a lawsuit against Mecca, alleging that he suffered bodily injury as a result of a slip and fall accident, which occurred on business premises owned by Mecca. The complaint alleges that, Mecca is a Florida corporation, which owns, controls, and maintains the premises wherein the accident allegedly took place, and which is located at or near 4000 Northwest 36th Avenue in Miami-Dade County, Florida.
Kurzbard first attempted to serve Mecca pursuant to section 48.081(3)(a), Florida Statutes (2005), by serving Raul Rodriguez ("Rodriguez"), the registered agent, president, and sole officer of Mecca, at the address listed as Mecca's principal place of business, mailing address, and as the registered agent's address in Mecca's 2004 and 2005 Annual Reports filed with the Florida Secretary of State.[1] This address, *1181 however, is not Mecca's principal place of business and is not Rodriguez's address. Instead, the address listed is the residence of Rodriguez's parents, who refused to accept service of process and refused to give any information regarding Rodriguez.
Subsequently, on two separate occasions, Kurzbard attempted to serve an officer or employee of Mecca at its business premises, but no one working for Mecca was present to accept service. Consequently, having had difficulty in effecting service on Mecca pursuant to section 48.081, Florida Statutes, Kurzbard availed himself of one of Florida's long-arm statutes and served Mecca by substituted service on Florida's Secretary of State. Based on this substituted service, Kurzbard filed a motion for entry of default, which the trial court granted.
After obtaining a default, Kurzbard noticed the case for trial as to damages and sent Mecca a certified copy of the notice for trial along with a copy of the default at Mecca's mailing address. Upon receiving the notice of trial and the default, Mecca filed a limited appearance and filed a motion for continuance preserving any jurisdictional challenge to the service of process. Subsequently, Mecca filed a motion to quash the service of process and to vacate default, alleging that as the service of process was ineffective, the trial court lacked personal jurisdiction over Mecca and that consequently, the default was void. The trial court denied Mecca's motion, finding that the substituted service of process on the Secretary of State was appropriate to effect service on Mecca. We disagree.
The determination of whether the trial court properly ruled on a motion to quash service of process for lack of personal jurisdiction is a question of law, which we review de novo. Alvarado v. Cisneros, 919 So.2d 585, 587 (Fla. 3d DCA 2006); Labbee v. Harrington, 913 So.2d 679, 681 (Fla. 3d DCA 2005).
Section 48.081, Florida Statutes, governs service of process on a corporation and must be strictly complied with. S.T.R. Indus., Inc. v. Hidalgo Corp., 832 So.2d 262, 263 (Fla. 3d DCA 2002); see also York Commc'ns, Inc. v. Furst Group, Inc., 724 So.2d 678, 679 (Fla. 4th DCA 1999)("Statutes governing service of process should be strictly construed, and valid service on a domestic corporation may only be effected by complying with such statutes."). "Absent strict compliance, the court lacks personal jurisdiction over the defendant corporation." York, 724 So.2d at 679.
In this instance, Kurzbard attempted to strictly comply with section 48.081, Florida Statutes, but was unable to do so as a result of Mecca's apparent failure to comply with section 48.091, Florida Statutes, and as a result of Rodriguez's parents' failure to provide any information regarding Rodriguez. Consequently, having been unable to comply with the requirements of section 48.081, Kurzbard served Mecca, a domestic corporation, through substituted service on Florida's Secretary of State pursuant to section 48.181, Florida Statutes (2005), one of Florida's long-arm statutes.[2]
*1182 The Florida courts have emphasized, that in order to support substituted service of process on a defendant through the Secretary of State, the complaint must allege the jurisdictional requirements prescribed by the applicable long-arm statute. See Labbee, 913 So.2d at 682 ("To determine whether long-arm jurisdiction is appropriate for substituted service, the complaint must either plead a basis for jurisdiction pursuant to the language of section 48.181 or allege sufficient jurisdictional facts to satisfy the statute."); see also Weiler v. Weiler, 861 So.2d 472, 476 (Fla. 5th DCA 2003)("In determining if personal jurisdiction is proper under the long-arm statute, the trial court must first determine whether the complaint alleges sufficient jurisdictional facts to bring it under the statute."); Alhussain v. Sylvia, 712 So.2d 806, 806 (Fla. 4th DCA 1998)("[I]n order to support substituted service of process on a defendant, the complaint must allege the jurisdictional requirements prescribed by statute."). The burden of pleading facts that support, as a matter of law, the applicability of substituted service falls on the party seeking to invoke the provisions of the long-arm statute. Labbee, 913 So.2d at 682. Furthermore, "long-arm statutes are strictly construed and require the plaintiffs to clearly bring themselves within the ambit of the statutes." Id. at 682-83.
In this instance, since Kurzbard served Mecca through substituted service on the Secretary of State pursuant to section 48.181, we must determine whether Kurzbard made the necessary jurisdictional allegations in his complaint to clearly bring himself within the ambit of the statute. Section 48.181, Florida Statutes, permits Florida's Secretary of State to accept service on behalf of a nonresident defendant or a resident defendant who subsequently becomes a non-resident or who conceals his or her whereabouts and who engages in or carries on a business venture in the state. § 48.181, Fla. Stat. (2005); Labbee, 913 So.2d at 682. Here, Kurzbard's complaint alleges that Mecca is a Florida corporation and that the accident occurred in the business premises owned by Mecca and located in Miami, Florida. Accepting the allegations in the complaint as true, as we are required to do, Labbee, 913 So.2d at 682, Mecca is a Florida corporation, and thus, the portion of the statute accepting service on behalf a non-resident defendant is inapplicable to this case. Consequently, the only way for Kurzbard to avail himself of section 48.181 was to properly plead that Mecca, through its officers or agents, was concealing its whereabouts. The complaint, however, did not allege, nor was it amended to allege, any concealment on the part of Mecca. Therefore, as Kurzbard failed to plead the required statutory prerequisites to invoke the long-arm statute, he could not perfect substituted service on Mecca. See Alvarado, 919 So.2d at 589; Alhussain, 712 So.2d at 807.
Accordingly, we find that because Kurzbard failed to sustain his burden of pleading sufficient facts to support the applicability of substituted service, the trial court *1183 lacked personal jurisdiction over Mecca, and the default entered against it is void. Consequently, we conclude that Mecca's motion to quash service of process and to vacate the default should have been granted.
REVERSED and REMANDED.
NOTES
[1] Section 48.081(3)(a) specifies that:

[P]rocess may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent.
§ 48.081(3)(a), Fla. Stat. (2005). Section 48.091 requires, in pertinent part, that a domestic corporation or a foreign corporation qualified to do business in Florida (1) designate a registered agent and registered office; (2) keep the registered office open from 10:00 a.m. to 12 noon each day, except Saturdays, Sundays, and legal holidays; and (3) keep one or more registered agents on whom process may be served during these designated hours. § 48.091, Fla. Stat. (2005).
[2] Section 48.181 states, in relevant part:

(1) The acceptance by any person or persons, individually or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his or her whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state . . . constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served.
§ 48.181(1), Fla. Stat. (2005).