954 So.2d 1179 (2007)
Tracy T. BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-2799.
District Court of Appeal of Florida, Third District.
April 11, 2007.
Bennett H. Brummer, Public Defender, and Valerie Jonas, Assistant Public Defender, for appellant.
Bill McCollum., Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before FLETCHER and LAGOA, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
Affirmed. See Williams v. State, 744 So.2d 1103 (Fla. 3d DCA 1999) ("[E]ven if . . . the [prosecutor's] comment [in final argument] was . . . wrong, it was, standing alone, and in the context of the entire case, not enough to vitiate the entire trial and require a new one. State v. Murray, 443 So.2d 955 (Fla.1984); Hall v. State, 444 So.2d 1019 (Fla. 3d DCA 1984). While harmful prosecutorial excesses undoubtedly require reversal, Ruiz v. State, 743 So.2d 1 (Fla.1999), and cases cited; Gomez v. State, 751 So.2d 630 . . . (Fla. 3d DCA . . . 1999), and cases cited, it is also true, as was said in Henry v. State, 290 So.2d 73, 75 (Fla. 2d DCA 1974), that: `otherwise proper trials are not to be reversed merely because an . . . analysis of a single statement reveals a defect in rhetoric. When, as in this case, it clearly appears that the defendant's substantial rights were not affected, it is our duty to affirm. We do.'"), review denied, 753 So.2d 567 (Fla.2000).