PER CURIAM.
Appellant, HSBC Bank USA, National Association, as Trustee for Luminent Mortgage Trust 2007-2, challenges an order denying its motion to vacate a default, set aside a default judgment and cancel a foreclosure sale. Appellant contends that the default judgment entered against it should have been set aside because of defective service of process. We agree and reverse.
*594 Appellant obtained title to a unit in Cen-tre Court Ridge Condominium in August 2012. In December 2012, Appellee, Center Court Ridge Condominium Association, Inc., foreclosed against Appellant for back assessments and interest.
When Appellant failed to appear and defend, Appellee obtained a clerk’s default against Appellant. Ultimately, the trial court entered a foreclosure judgment against Appellant for $36,029.81 and scheduled a foreclosure sale. Subsequently, the court denied Appellant’s motion to vacate the default, set aside the foreclosure judgment and cancel the foreclosure sale. The issue on appeal is whether proper service was effected.
Appellee claims it properly served process by following the procedures outlined in sections 48.181 and 48.151, Florida Statutes (2012). It claims that Appellant was served when a process server delivered the summons and complaint to Florida’s Secretary of State. Appellant claims that service should have been perfected pursuant to sections 48.181 and 48.161, Florida Statutes (2012), and because it was not, Appellant received nothing from either Appellee or the Secretary of State. It is undisputed that Appellant is a nonresident bank engaged in business in this state. As such, pursuant to section 48.181(1), Florida Statutes, Florida’s Secretary of State is the agent “on whom all process in any action or proceeding against [Appellant] ... may be served.” Section 48.161(1), Florida Statutes, provides that substituted service on a nonresident shall be made, among other methods, by leaving a copy of the process with a fee, with the Secretary of State’s Office or by mailing the copies and fee by certified mail to the Secretary of State’s Office. Notice of the service and a copy of the process must then be sent by registered or certified mail by the plaintiff to the defendant. Section 48.151, Florida Statutes, delineates another method of service of process. Notably, however, by its terms, it does not apply to substituted service or process on nonresidents. § 48.151(2), Fla. Stat. (2012). Based on these statutory provisions, Appellee had two choices to perfect service on Appellant — either perfect substituted service under section 48.161, Florida Statutes, or perfect actual service.
In this case, Appellee did not send “notice of service and a copy of the process” to Appellant by certified or registered mail, as required by section 48.161(1), Florida Statutes. Therefore, process was not perfected and the trial court lacked jurisdiction. See Pelycado Onroerend Goed B.V. v. Ruthenberg, 635 So.2d 1001, 1005 (Fla. 5th DCA 1994) (holding a trial court lacks jurisdiction when a party fails to strictly comply with the statutes regarding service).
REVERSED with instructions to withdraw the judgment and dismiss the action.
EVANDER, LAMBERT, JJ., and HARRIS, C.M., Senior Judge, concur.