PER CURIAM.
This appeal concerns a trial court’s order that denied the defendant’s motion to quash substitute service made upon the Secretary of State. We reverse for two reasons. First, the plaintiff - failed to amend its complaint to allege the neces^ sary allegations to support substitute service. Alhussain v. Sylvia, 712 So.2d 806 (Fla. 4th DCA -1998). Second, upon serving the Secretary of State, the plaintiff failed to comply with either sections 48.161 or 48.151, Florida Statutes (2014). We write to address the second point.
The defendant is a Florida limited liability company (“LLC”). Substitute'service on an LLC was not expressly authorized until the legislature enacted and amended various statutes effective January 1, 2014 and January 1, 2015. Ch. 2013-180, §§ 3, 29, Laws of Fla.; see also § 605.1108, Fla, Stat. (2014);[1] Green Emerald Homes, LLC, v. Hank of N.Y Mellon, No. 4D15-848, — So.3d -, 2016 WL 4138237 (Fla. 4th DCA Aug. 3, 2016); Boatfloat LLC v. Golia, 915 So.2d 288 (Fla. 4th DCA 2005).
Section 48.062(1), Florida Statutes (2014), provides that process against an LLC may be served on the registered agent designated by the LLC. If service cannot be made on the LLC’s registered agent, process may be served on a member, manager, or designated employee as set forth in section-48.062(2)(a)-(c). “If, after reasonable diligence, service of process cannot be completed under subsection (1) or subsection (2), service of prodess may be effected by service upon the Secretary of State as agent of the limited liability company as provided for in s. 48.181.” § 48.062(3), Fla. Stat.; see also § 605.0117(3), Fla. Stat. (2014).
Here, the plaintiff conducted the requisite reasonable diligence before it served the Secretary of State. The Secretary noted the date and time of receipt. See § 605.0117(6), Fla. Stat. (2014). The plaintiff then filed the return of service.
The defendant moved to quash service; It argued that the complaint failed to allege substitute service, and that the plaintiff failed to follow either sections-48.151 or 48.161, with respect to communicating that substitute service beyond filing the return. Both points are correct.
Regarding the second point, we hold that the plaintiff was required to comply with section 48.161. Section 48.161 is the general substitute service statute applicable to nonresidents or those concealing their whereabouts. It requires that the plaintiff send notice of service by registered or certified mail to the defendant, file the defendant’s return receipt, and file an affidavit of compliance. The plaintiff failed to file the affidavit in this case. See, e.g., Alvarado-Fernandez v. Mazoff, 151 So.3d 8 (Fla. 4th DCA 2014) (affirming where trial court accepted plaintiffs untimely filed affidavit of compliance where counsel explained the reason for delay and had moved to extend time for filing).
*1124 We reject the plaintiffs position that it was not required to comply with either section. Section 48.062(3) refers to section 48.181,Florida Statutes (2014). When substituted service is made under section 48.181,the requirements of section 48.161 also apply. HSBC Bank USA, Nat’l Ass’n v. Centre Court Ridge Condo, Ass’n, 147 So.3d 593, 594 (Fla. 5th DCA 2014); Pelycado Onroerend Goed B.V. v. Ruthenberg, 635 So.2d 1001, 1003 (Fla. 5th DCA 1994); see also Hernandez v. State Farm Mut. Auto. Ins. Co., 32 So.3d 695, 699 (Fla. 4th DCA 2010) (involving substituted service under section 45.171, Florida Statutes).
We recognize that those cases do not involve LLCs and predate Florida’s revisions to the LLC statutes. We also recognize that none of the newly enacted LLC provisions furnish a method to communicate the substitute service upon the Secretary to the defendant.
For example, section 605.0117(5) provides that service is effectuated on the date shown as received by the Department. Section 605.0117(6) provides also that the Department must keep a record of each process, notice, and demand served, and record the time of “and the action taken regarding the service.” However, it does not specify the nature of any action to be taken by the Department. Cf. § 48.151, Fla. Stat. (2015) (addressing service on statutory agents).[2]
■ We note that Florida’s Limited Liability Act is based on the Revised Uniform Limited Liability Company Act of 2006, as amended in 2011 (“RULLCA”).[3] See Louis T.M. Conti & Gregory M. Marks, Florida’s New Revised LLC Act, Part 1, 87 Fla. B.J. 52 (Sept./Oct.2013). However, Florida’s Act “diverges from or supplements RULLCA in many significant respects.” Id.
' One respect concerns substitute service. Unlike the Florida Statutes, the RULLCA directs the Secretary to “forward one of the copies by registered or certified mail, return receipt requested, to the company at its designated office.” Revised Unif. Ltd. Liab. Co. Act [RULLCA] § 116(c) (Unif. Law Comm’n 2011). The Florida Statutes are silent on this point.
'Consistent with RULLCA, section 605.0117(5) provides that service is effectuated on the date shown as received by the Department, and section 605.0117(6) provides that the Department must keep a record of the service “and -the action taken regarding the. service.” Since the Legislature did not incorporate section (c) of the uniform act .to- guide the Secretary, or detail the specific action to be taken, we look to section 48.062’s reference to section 48.181,and its link to section 48.161 as set forth above.
This court has recognized that strict adherence to .the statutes is required in connection with substitute service. Her *1125 nandez, 32 So.3d at 698. First, the plaintiff failed to amend its complaint to allege the requisite allegations to support substitute service. Second, the plaintiff failed to comply with section 48.161, applicable through section 48.181. Consequently, we reverse the order that denied the defendant’s motion to quash substitute service made upon the Secretary of State, and remand for further proceedings.

Reversed and remanded.

GERBER, LEVINE and KLINGENSMITH, JJ., concur.

. The parties do not dispute that the newly enacted statutes apply to this case.

. Section 48.151(1) provides that the Secretary shall "promptly send the copy served, by registered or certified mail, to the person to be served as shown by his or her or its records.” It must also issue a notice accepting the process and file it in the court issuing the process. Plaintiff did not comply with this section either. By its express terms, section 48.161(3) provides that it does not apply to persons on whom service is authorized under section 48.151. Section 48.151(2) provides that it does not apply to substituted service on nonresidents. Subsection (5) provides that the “Secretary of State” is an agent for service of process for any retailer, dealer, or vendor who has failed to designate an agent for service of process as required under section' 212,151 for violations of chapter 212. However, it does not speak to LLCs. ■ ■

. We recognize that the .Uniform Act was revised again in 2013, but Florida has not revisited the applicable statutes accordingly. The 2013 revision seems to eliminate the Secretary of State from the process. Revised Unif. Ltd. Liab. Co. Act § 119 (Unif. Law Comm’n 2013).