NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GREEN EMERALD HOMES, LLC,          )
                                   )
            Appellant,             )
                                   )
v.                                 )          Case No.   2D16-2552
                                   )
NATIONSTAR MORTGAGE, LLC,          )
                                   )
            Appellee.              )
_____)

Opinion filed February 17, 2017.

Appeal pursuant to Fla. R. App. P.
9.130 from the Circuit Court for Pasco
County; Kimberly Sharpe Byrd, Judge.

Brennan Grogan of Levine Law Group,
Palm Beach Gardens, for Appellant.

Nancy M. Wallace of Akerman LLP,
Tallahassee; William P. Heller of
Akerman LLP, Fort Lauderdale; and Eric
M. Levine of Akerman LLP, West Palm
Beach, for Appellee.

KELLY, Judge.

In this foreclosure action, Green Emerald Homes, LLC, appeals from the

nonfinal order denying its motion to quash service of process.  Green Emerald argues

that service was not accomplished because Nationstar Mortgage, LLC, failed to comply

with the notice requirements in section 48.161(1), Florida Statutes (2014). We agree and reverse.

Nationstar was unable to serve Green Emerald's registered agent and managing member. Consequently, Nationstar served the Florida Department of State with substitute service under section 605.0117(3), Florida Statutes (2014). Green Emerald filed a motion to quash service, contending that Nationstar was also required to mail the process through certified or registered mail, file the return receipt, and submit an affidavit of compliance, as required by section 48.161(1). In opposition, Nationstar claimed that newly enacted section 605.0117 provided an independent method of obtaining service on limited liability companies and compliance with chapter 48 was no longer required. The trial court agreed with Nationstar's argument and denied the motion to quash service.

In prior years, service of process on a limited liability company was made pursuant to "chapter 48 or chapter 49, as if the limited liability company were a partnership." § 608.463(1)(a), Fla. Stat. (repealed 2015); see, e.g., Boatfloat LLC v. Golia, 915 So. 2d 288, 289 (Fla. 4th DCA 2005). "Substitute service on an LLC was not expressly authorized until the legislature enacted and amended various statutes effective January 1, 2014 and January 1, 2015." Jupiter House, LLC v. Deutsche Bank Nat'l Tr. Co., 198 So. 3d 1122, 1123 (Fla. 4th DCA 2016) (citing ch. 2013–180, §§ 3, 29, Laws of Fla.); see § 605.0117(3) ("If the process, notice, or demand cannot be served on a limited liability company . . . , the process, notice, or demand may be served on the department as an agent of the company."); see also § 48.062(3) (providing that if service of process cannot be completed on a registered agent, "service of process may

be effected by service upon the Secretary of State as agent of the limited liability company").

Under the new statute, "[s]ervice with process, notice, or a demand on the department may be made by delivering to and leaving with the department duplicate copies of the process, notice, or demand." § 605.0117(4). "Service is effectuated [for such purposes] on the date shown as received by the department." § 605.0117(5). However, "none of the newly enacted LLC provisions furnish a method to communicate the substitute service upon the Secretary to the defendant." Jupiter House, 198 So. 3d at 1124. Because of this omission in chapter 605, the provisions of chapter 48 must be applied where chapter 605 is silent on the notice requirements. Id.

As the Fourth District held in Jupiter House, although section 605.0117 authorizes service on the Secretary of State, a plaintiff must still comply with the notice requirements in section 48.161(1). By failing to do so in this case, Nationstar did not effect valid service of process. Accordingly, we reverse the trial court's order denying Emerald Green's motion to quash service.

Reversed.


SILBERMAN and BLACK, JJ., Concur.