NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GREEN EMERALD HOMES, LLC,   )
 )
     Appellant,   )
 )
v.   )   Case No. 2D16-2575
 )
FEDERAL NATIONAL MORTGAGE   )
ASSOCIATION ("Fannie Mae"), a   )
Corporation Organized and Existing   )
Under the Laws of the United States of   )
America; FLORENCE L. GYEBI a/k/a   )
FLORENCE OPOKU-NUAMAH;   )
CHAPEL PINES HOMEOWNERS   )
ASSOCIATION, INC.; MORTGAGE   )
ELECTRONIC REGISTRATION   )
SYSTEMS, INC., as Nominee for   )
SunTrust Mortgage Inc.; UNKNOWN   )
PERSON(S) IN POSSESSION OF THE   )
SUBJECT PROPERTY,   )
 )
     Appellees.   )
                                 )

Opinion filed August 2, 2017.

Appeal pursuant to Fla. R. App. P.
9.130 from the Circuit Court for Pasco
County; Ray E. Ulmer, Jr., Senior Judge.

Mark P. Stopa of Stopa Law Firm,
Tampa, for Appellant.

H. Michael Muniz of Kahane &
Associates, P.A., Plantation, for
Appellee Federal National Mortgage
Association.

No appearances for remaining
Appellees.


WALLACE, Judge.

Green Emerald Homes, LLC (Green Emerald), appeals from the trial

court's order denying its motion to quash service and to vacate default and final

judgment in favor of Federal National Mortgage Association (Fannie Mae).[1]  Because

we find that Fannie Mae failed to plead the necessary jurisdictional allegations in its

complaint to perfect substituted service on the Florida Secretary of State and that

section 605.0117, Florida Statutes (2014), does not make such allegations

unnecessary, we reverse and remand for further proceedings.

### I.  THE FACTUAL AND PROCEDURAL BACKGROUND

On June 24, 2014, Fannie Mae filed a verified complaint to foreclose a

mortgage against Green Emerald.  Fannie Mae attached to its complaint a copy of the

note, mortgage, and other documents.  In its complaint, Fannie Mae alleged that Green

Emerald was the owner of the property and that the note and mortgage were in default.

Fannie Mae attempted to serve the requisite documents on Green Emerald's registered

agent, Roberta Kaplan, on several occasions without success.  Because of Kaplan's

unavailability for service of process, Fannie Mae served Green Emerald through

substituted service on the Secretary of State as authorized by chapter 48, Florida

Statutes (2014).

---

[1]We have jurisdiction in accordance with Florida Rule of Appellate
Procedure 9.130(a)(5).

On August 22, 2014, Fannie Mae filed a motion for a clerk's default. The motion was granted, and the default was entered on September 3, 2014. Then, Fannie Mae filed a motion for final summary judgment, which the trial court granted. The trial court entered a final judgment of foreclosure on February 5, 2015.

Over two months later, on April 14, 2015, Green Emerald filed a verified motion to quash service and to vacate default and final judgment. In its motion, Green Emerald alleged that it had no knowledge of Fannie Mae's lawsuit because it had not been properly served. Green Emerald argued that the substitute service of process on the Secretary of State was defective because Fannie Mae did not plead the requisite jurisdictional allegations in its complaint. Specifically, Green Emerald argued that under section 48.181, Fannie Mae's substitute service of process was not valid because Fannie Mae failed to allege in its complaint that Green Emerald was either a nonresident of Florida or a resident which had concealed its whereabouts. Accordingly, Green Emerald asked the trial court to quash service of process and to vacate the default and final judgment of foreclosure.

In May 2016, the trial court held a hearing on Green Emerald's motion. At the hearing, Green Emerald made the same arguments that it had raised in its motion. Fannie Mae argued that it had properly effected substitute service because it had complied with the service requirements set forth in section 605.0117. Fannie Mae contended that it was unnecessary for it to comply with section 48.181 concerning substitute service because (1) section 48.181 applies only to service on nonresidents of Florida and (2) section 605.0117 created an independent method for service of process

on limited liability companies.[2]  Without providing any explanation, the trial court denied the motion to quash and vacate.  On appeal, the parties make the same arguments.[3]

## II. DISCUSSION

Initially, we note that Fannie Mae's argument that section 48.181 only applies to nonresidents of Florida is belied by the text of the statute.  See § 48.181(1) (stating that the Florida Secretary of State is permitted to accept substituted service on behalf of "any person who is a <u>resident of the state</u> and . . . conceals his or her whereabouts" (emphasis added)).  Therefore, the only substantial issue that we are called upon to determine is whether Fannie Mae was required to plead in its complaint certain jurisdictional allegations in order to properly serve Green Emerald through substituted service on the Secretary of State.  We review this issue de novo.  See Mecca Multimedia, Inc. v. Kurzbard, 954 So. 2d 1179, 1181 (Fla. 3d DCA 2007).

"[I]n order to support substituted service of process on a defendant [through the Secretary of State], the complaint must allege the jurisdictional requirements prescribed by statute.  If it fails to do so, then a motion to quash process should be granted."  Alhussain v. Sylvia, 712 So. 2d 806, 806 (Fla. 4th DCA 1998); see also Jupiter House, LLC v. Deutsche Bank Nat'l Tr. Co., 198 So. 3d 1122, 1123 (Fla. 4th DCA 2016) ("[T]he plaintiff failed to amend its complaint to allege the necessary

---

[2]Section 605.0117 was enacted as part of the Florida Revised Limited Liability Company Act, sections 605.0101-.1108, which became effective on January 1, 2014.  See ch. 2013-180 §§ 2, 29, Laws of Fla. (2013).

[3]We need not address the other two issues that Fannie Mae raised in its answer brief.  Green Emerald clearly preserved the main issue for appeal.  Also, the issue of whether the trial court's order arrives here with a presumption of correctness is not in dispute.

allegations to support substitute service." (citing Alhussain, 712 So. 2d 806)).  "The burden of pleading facts that support, as a matter of law, the applicability of substituted service falls on the party seeking to invoke the provisions of [section 48.181]."  Mecca, 954 So. 2d at 1182.  Here, because Fannie Mae attempted to serve Green Emerald through substituted service on the Secretary of State under chapter 48, we must determine whether Fannie Mae pleaded the necessary jurisdictional allegations to fall within the ambit of the statute.

Section 48.181(1) permits the Secretary of State to accept service for any nonresident defendant or Florida resident who either (1) conceals his whereabouts or (2) previously conducted business in Florida but subsequently becomes a nonresident.  See also Mecca, 954 So. 2d at 1182.  Accordingly, in order to perfect substituted service on a nonresident defendant or a Florida resident defendant, a plaintiff must plead one of these two grounds.  See Jupiter House, 198 So. 3d at 1123; Mecca, 954 So. 2d at 1182; Alhussain, 712 So. 2d at 806-07.

In this instance, Fannie Mae's complaint was devoid of any of the above jurisdictional allegations.  With regard to Green Emerald, Fannie Mae alleged only that it was the owner of the property that was the subject of the foreclosure action.  Such an allegation is not sufficient to authorize substituted service.  Accordingly, since Fannie Mae "failed to plead the required statutory prerequisites or to allege the ultimate facts that invoke the statute," we hold that it did not perfect substituted service on Green Emerald.  Alhussain, 712 So. 2d at 807 (reversing order denying motion to quash service of process because the complaint failed to allege the necessary statutory jurisdictional requirements, i.e., the defendant was either a nonresident or was a Florida

resident concealing his whereabouts); see also Jupiter House, 198 So. 3d at 1123 (same); Mecca, 954 So. 2d at 1182-83 (same).

Furthermore, we are unpersuaded by Fannie Mae's argument that it was unnecessary for it to make jurisdictional allegations because section 605.0117 created an independent method of service of process for limited liability companies. We find no provision in section 605.0117 that would relieve Fannie Mae of its obligation to plead the requisite jurisdictional allegations when effecting substitute service of process. Although we recognize that section 605.0117(3) authorizes a plaintiff to serve a defendant through substitute service of process on the Secretary of State, such a provision does not establish a new method of service of process. Indeed, on a closely related issue, this court found that section 605.0117 did not create a new, independent method of effecting substitute service on a defendant. See Green Emerald Homes, LLC v. Nationstar Mortg., LLC, 210 So. 3d 263, 264-65 (Fla. 2d DCA 2017). Rather, this court agreed that a plaintiff was still required to comply with the notice requirements in section 48.161. Id. at 265 (citing Jupiter House, 198 So. 3d at 1124).

Finally, although neither party brought it to our attention, we note from our own review of chapter 48 that section 48.062 provides for service on limited liability companies and refers to section 48.181.[4] It states that "if, after reasonable diligence, service of process cannot be completed . . . , service of process may be effected by service upon the Secretary of State as agent of the limited liability company as provided for in s. 48.181." § 48.062(3).

_____

[4]Like section 605.0117, section 48.062 was enacted as part of the law that created the Florida Revised Limited Liability Company Act. See ch. 2013-180, § 3, Laws of Fla. (2013).

- 6 -

**III.  CONCLUSION**

For the foregoing reasons, the trial court erred in denying Green Emerald's motion to quash service and to vacate default and final judgment in favor of Fannie Mae.  Accordingly, we reverse the order denying the motion to quash and vacate default and final judgment, and we remand this case to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.


LaROSE, C.J., and KHOUZAM, J., Concur.