DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GREEN EMERALD HOMES LLC,**
Appellant,

v.

**GREEN TREE SERVICING LLC, ARMANDO HENRIQUES DIOGO, ANA E. AGUASANA, EDITH AGUAS, DIONICIA STELLA DIOGO,** unknown spouse of **ANA E. AGUAS,** a/k/a **ANA EDITH AGUAS, BOCA GARDENS HOMEOWNERS ASSOCIATION, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, as nominee for **AMNET MORTGAGE, INC.**, d/b/a **AMERICAN MORTGAGE NETWORK OF FLORIDA;** unknown tenant #1 n/k/a **JOSE INGLES**, unknown tenant #2, Appellees.

No. 4D17-983

[November 15, 2017]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Eli Breger, Senior Judge; L.T. Case No. 502015CA008888XXXXMB.

Brennan Grogan of Levine Law Group, Palm Beach Gardens, for appellant.

No brief filed for appellees.

PER CURIAM.

Green Emerald Homes, LLC, ("Green Emerald") appeals the denial of its motion to quash service of process and vacate the clerk's default in the underlying mortgage foreclosure action. The plaintiff below, Green Tree Servicing, LLC, ("GTS") attempted to serve Green Emerald through substitute service on the Secretary of State pursuant to section 48.181(1), Florida Statutes (2016). We reverse for two reasons. First, GTS failed to allege the requisite jurisdictional grounds for substitute service provided under section 48.181(1). Second, GTS failed to comply with the notice requirements under section 48.161(1), Florida Statutes (2016).

Section 48.062(3), Florida Statutes (2016), authorizes substitute service on a limited liability company ("LLC") through the Secretary of State

if the plaintiff has already made reasonably diligent efforts to serve the LLC under sections 48.062(1) and (2). *Jupiter House, LLC v. Deutsche Bank Nat'l Tr. Co.*, 198 So. 3d 1122, 1123 (Fla. 4th DCA 2016).

In order to perfect substitute service through the Secretary of State, the complaint must allege one of two jurisdictional grounds provided under section 48.181(1). *Green Emerald Homes, LLC v. Fed. Nat'l Mortg. Ass'n*, 224 So. 3d 799, 802 (Fla. 2d DCA 2017) (citing *Alhussain v. Sylvia*, 712 So. 2d 806, 806 (Fla. 4th DCA 1998)). Specifically, the complaint must allege that (i) the defendant is concealing his or her whereabouts or (ii) the defendant previously conducted business in Florida, but has now become a nonresident. *Id.*

Furthermore, the plaintiff must also comply with section 48.161(1). *Jupiter House, LLC*, 198 So. 3d at 1124-25. Under section 48.161(1), the plaintiff must (i) send notice to the defendant, via certified or registered mail, that substitute service has been effected through the Secretary of State, (ii) file the return receipt from the defendant, and (iii) file an affidavit of compliance. *Id.* at 1123.

In this case, GTS's complaint merely alleges that Green Emerald owns the subject property, so GTS has failed to allege either of the jurisdictional grounds for substitute service provided under section 48.181(1). Furthermore, the record does not reflect that GTS complied with section 48.161(1) by (i) sending notice of service to Green Emerald via certified or registered mail, (ii) filing the return receipt from Green Emerald, and (iii) filing an affidavit of compliance. Accordingly, we reverse the order denying Green Emerald's motion to quash service of process, vacate the clerk's default, and remand for further proceedings.

*Reversed and remanded.*

WARNER, CONNER and FORST, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

2