[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12251
Non-Argument Calendar

_____

D.C. Docket No. 9:18-cv-81561-RKA

ROY J. DIXON,

Plaintiff-Appellant,

versus

JUDGE PETER D. BLANC,
in his official capacity as
15th Judicial Circuit Court Judge,
STATE OF FLORIDA,
KRISTA MARX,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 13, 2020)

Before JORDAN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Dixon filed a *pro se* 42 U.S.C. § 1983 civil-rights lawsuit against Peter Blanc, then a state judge in Florida's Fifteenth Judicial Circuit Court, after Blanc issued an order designating Dixon a vexatious litigant.  Dixon later amended his complaint to add as defendants the State of Florida and Krista Marx, the Chief Judge for the Fifteenth Judicial Circuit Court, "in care of" Judge Blanc, who had retired.  The district court dismissed the case as to Blanc for failure to perfect timely service, after vacating a clerk's default against him for the same reasons.  After permitting Dixon additional time to serve Marx and the State, the court ultimately dismissed these defendants for insufficient service of process as well.  Finally, the court denied Dixon's motion for leave to file a second amended complaint, finding no "good cause" for amendment, and then denied Dixon's Rule 60, Fed. R. Civ. P., motion to set aside the judgment as to Blanc and reinstate the default.

Dixon appeals, presenting two main arguments.  First, he maintains that he perfected service on Blanc in accordance with both federal and state law.  So, in his view, the district court erred in vacating the clerk's default, dismissing the complaint as to Blanc, and then refusing to reinstate the clerk's default.  Second, Dixon argues that the court abused its discretion when it denied him leave to amend his complaint.

## I.

Davis contends that he effected service on Blanc in two ways.  First, he claims that he effected substitute service on Blanc through the Florida Secretary of State,

2

who accepted service of process as Blanc's designated agent under Florida Statute § 48.161(1). Second, according to Dixon, he served Blanc through his attorney by mailing service-of-process documents to the Florida Attorney General's Office in West Palm Beach.

We review a *sua sponte* dismissal of a complaint for failure to serve under Fed. R. Civ. P. 4(m) for an abuse of discretion.[1] *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). We likewise review a district court's decision on an entered default for an abuse of discretion. *E.E.O.C. v. Mike Smith Pontiac GMC*, 896 F.2d 524, 528 (11th Cir. 1990). We "may affirm on any ground supported by the record." *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1356 (11th Cir. 2007).

We liberally construe the filings of *pro se* litigants. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Nevertheless, we still require them to comply with procedural rules, like the rules of service in Rule 4, Fed. R. Civ. P. *Id.* In addition, issues not briefed on appeal, even by *pro se* litigants, are deemed abandoned and will not be considered. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

"A plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed under Rule 4(m)." *Lepone-Dempsey v. Carroll*

---

[1] Contrary to the appellee's argument, we have jurisdiction to review the order vacating the default against Blanc because Dixon's notice of appeal, liberally construed, encompassed that ruling. *See Mickles on behalf of herself v. Country Club, Inc.*, 887 F.3d 1270, 1278–79 (11th Cir. 2018) ("[S]ince only a final judgment or order is appealable, the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment.")

*Cty. Comm'rs*, 476 F.3d 1277, 1280–81 (11th Cir. 2007).  Rule 4(m) requires a plaintiff to properly serve the defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m).  If the plaintiff fails to do so, the court must dismiss the action or, in its discretion, "order that service be made within a specified time." *Id.*  The court must extend the time for service if the plaintiff shows "good cause" for the failure to effect service.  *Id.*

Under Rule 4(e), individual defendants may be served by following state service laws or by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e).  Any adult person who is not a party may serve a summons and complaint.  Fed. R. Civ. P. 4(c)(2).

Unless the defendant has waived service, *see* Fed. R. Civ. P. 4(d), "proof of service must be made to the court."  Fed. R. Civ. P. 4(l)(1).  "Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." *Id.*  However, "[f]ailure to prove service does not affect the validity of service," and "[t]he court may permit proof of service to be amended."  Fed. R. Civ. P. 4(l)(3).

Dixon's primary claim is that he properly served Blanc under Florida Statute § 48.161(1).  That statute permits substituted service on a defendant through the

4

Secretary of State if the defendant is a nonresident or a resident concealing his whereabouts. *See* Fla. Stat. § 48.161(1); *Wiggam v. Bamford*, 562 So. 2d 389, 390 (Fla. Dist. Ct. App. 1990). To support substituted service under § 48.161, "the plaintiff must allege in his complaint the ultimate facts bringing the defendant within the purview of the statute." *Wiggam*, 562 So. 2d at 390. In other words, the plaintiff must allege "the nonresidence or concealment of the defendant." *Id.* If the plaintiff fails to do so or fails to seek leave to amend the complaint before attempting substituted service, "the complaint [is] fatally defective and subject to dismissal." *Hodges v. Noel*, 675 So. 2d 248, 249 (Fla. Dist. Ct. App. 1996).

Moreover, perfection of substituted service under § 48.161 "requires strict compliance with the statutory prerequisites because such service is an exception to personal service." *Wyatt v. Haese*, 649 So. 2d 905, 907 (Fla. Dist. Ct. App. 1995). "Under section 48.161(1), the plaintiff must (i) send notice to the defendant, via certified or registered mail, that substitute service has been effected through the Secretary of State, (ii) file the return receipt from the defendant, and (iii) file an affidavit of compliance." *Green Emerald Homes LLC v. Green Tree Servicing LLC*, 230 So. 3d 607, 608 (Fla. Dist. Ct. App. 2017).

Here, Dixon's attempt at substituted service on Blanc through § 48.161 was legally insufficient. First, Dixon failed to allege in his complaint or amended complaint "the nonresidence or concealment of the defendant." *Wiggam*, 562 So.

5

2d at 390.  As a result, Dixon did not demonstrate that he was permitted to rely on substituted service instead of personal service.  *See id.*  Second, Dixon did not "strict[ly] compl[y] with the statutory prerequisites."  *Wyatt*, 649 So.2d at 907.  In particular, Dixon never filed an affidavit showing that he complied with the statute.  *See Green Emerald Homes*, 230 So. 3d at 608.  Accordingly, the district court did not err in concluding that Dixon failed to effect proper service through § 48.161.

Nor has Dixon shown that his attempts at personal service were legally proper.  It appears that Dixon twice attempted personal service on Blanc by certified mail, first at the county courthouse and later with "Blanc's attorney" at the Florida Attorney General's Office.  But both the Federal Rules and the Florida Rules generally permit service of process by certified mail only if the defendant agrees to waive personal service.  Fed. R. Civ. P. 4(d), (e); Fla. R. Civ. P. 1.070(i); *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000) (holding that mailing the complaint and summons did not constitute personal service under the federal rules); *Transp. & Gen. Ins. Co. v. Receiverships of Ins. Exch.*, 576 So. 2d 1351, 1352 (Fla. Dist. Ct. App. 1991) ("There is no statutory authority, or authority under Rule 1.070, Florida Rules of Civil Procedure, for serving appellant only by certified mail, as was done here.").  Dixon has presented no evidence or information showing that Blanc waived personal service.  *See* Fed. R. Civ. P. 4(d); Fla. R. Civ. P. 1.070(i).  And his mailing of the complaint and summons does not constitute "delivering" the

6

complaint to Blanc or his agent within the meaning of Rule 4(e)(2)(A) or (C). *See Prisco v. Frank*, 929 F.3d 603, 604 (11th Cir. 1991) (distinguishing between "mailing" and "delivering" and holding that mailing did not constitute personal service).

Accordingly, the record supports the district court's determination that Dixon failed to properly serve Blanc within 90 days after the initial complaint was filed. And since Dixon does not argue that the court should have granted an additional extension of time to effect service, we must conclude he has abandoned that issue. *See Timson*, 518 F.3d at 874 (issues not briefed on appeal, even by *pro se* parties, are deemed abandoned). The district court therefore acted within its discretion when it vacated the clerk's default against Blanc, dismissed Dixon's complaint as to Blanc, and then denied Dixon's motion to reinstate the default.

As to defendants Marx and the State of Florida, Dixon does not directly address the district court's determination that his attempts at service were legally insufficient because he failed to have the clerk issue a summons for each defendant. *See* Fed. R. Civ. P. 4(b) ("A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served."). We acknowledge that Dixon appears to have paid for a U.S. Marshal to serve these defendants, but we see no error in the court's conclusion that this service was nonetheless improper. And "[a] defendant's actual notice is not sufficient to cure

defectively executed service." *Albra*, 490 F.3d at 829.  Because Dixon failed to timely and properly serve these defendants, the court was authorized to dismiss the action without prejudice under Rule 4(m).

## II.

Davis next argues that the district court abused its discretion by refusing to grant leave to file a second amended complaint.  We review for an abuse of discretion the denial of leave to amend, *McKinley v. Kaplan*, 177 F.3d 1253, 1255 (11th Cir. 1999), as well as a decision to enforce a deadline to amend pleadings, *Santiago v. Lykes Bros. Steamship*, 986 F.2d 423, 427 (11th Cir. 1993).

Rule 15, Fed. R. Civ. P., governs amendment of the pleadings.  Rule 15(a) embodies a policy of liberally permitting amendment and directs courts to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).  However, where, as here, the district court has entered a scheduling order that sets a deadline to amend the pleadings, the plaintiff must demonstrate "good cause" for amending the complaint after the deadline for amendment.  *See S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009); *Sosa v. Airprint Systems*, 133 F.3d 1417, 1418 (11th Cir. 1998).  In *Sosa*, we held that there is no good cause when the failure to comply with the district court's schedule results from a lack of diligence in pursuing the claim.  *See Sosa*, 133 F.3d at 1419.

8

Here, the district court did not abuse its discretion when it denied Dixon leave to file a second amended verified complaint. Dixon moved for leave to file a second amended complaint on April 10, 2019, more than two months after the January 29, 2019, deadline for amendment set by the court at the outset of the case. As a result, Dixon was required to establish good cause for amendment. *S. Grouts & Mortars*, 575 F.3d at 1241. He did not do so. It appears that the proposed second amended complaint added new allegations and defendants related to events in early 2018, several months before he initiated this lawsuit. Dixon has offered no reason why he was unable to comply with the court's deadline and raise these allegations at an earlier time. Because Dixon has not established good cause to amend his complaint after the court's deadline, we affirm the district court's denial of his motion for leave to amend.

For these reasons, we affirm the dismissal without prejudice of Dixon's lawsuit. We note that nothing we have said here prevents Dixon from filing a new lawsuit and properly serving the defendants.

**AFFIRMED.**